WILLIAM BARNES, Appellant, *v.* EDWARD NEWCOMB, as Receiver,
etc., Respondent.

An action is not maintainable against the receiver of an insolvent life in-
surance company, to recover for services rendered by an attorney to the
corporation after the appointment of the receiver; the company or its
officers cannot, after such an appointment, subject the funds in the re-
ceiver's hands to any legal liability.

The A. M. Life Insurance Co., having been served with an order to show
cause why a receiver should not be appointed, retained plaintiff to oppose,
which he did. The application was granted. Plaintiff advised, and at
the request of the officers took an appeal to the General Term and to the
Court of Appeals; the order was affirmed. Afterward, without any spe-
cific instructions, but with the knowledge and assent of the officers,

plaintiff opposed the confirmation of the report of the actuary. In an action to recover for his services plaintiff testified that he rendered such services under the original general retainer. *Held,* that there was no entire contract, at the time of the original retainer, established, binding the company and its assets for its performance, so as to create a liability on the part of the receiver, payable out of the funds, for services rendered after his appointment; and that plaintiff was only entitled to recover for services rendered before such appointment.

*It seems* that where the officers of a company believe it to be solvent, and have reasonable grounds for such belief, it is their duty to oppose such an application, and that the reasonable expenses incurred should be allowed to them.

It is competent for the court administering the fund, if there is just ground and probable cause for appealing from the order appointing a receiver, to allow a reasonable sum for the expenses.

This, however, is not an absolute right, enforceable by action, but is entirely in the discretion of such court and to be exercised in that proceeding.

(Argued April 13, 1882; decided May 2, 1882.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made at the January term, 1881, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This action was brought against defendant, as receiver of the Atlantic Mutual Life Insurance Company, to recover for services rendered by plaintiff's firm as attorneys and counselors for said company in opposing the application for the appointment of receiver, and upon appeals to the General Term from the order making the appointment to the Court of Appeals from the order of affirmance, and for various other services after the appointment of the receiver.

The Special Term gave judgment for the services prior to such appointment, but decided against the plaintiff as to the subsequent services.

*William Barnes* for appellant. The order of August 6, 1877, appointing a receiver and restraining the company from its further continuance in the business of life insurance, did

not operate as an injunction against an appeal, and a further defense by the company in the said proceedings, and did not annul or affect the retainer of its attorneys and counsel in the said litigation, or their right of recovery and compensation for professional services rendered or to be rendered, or for disbursements incurred or to be incurred therein. (Laws of 1869, chap. 902, § 7; *Att'y-Gen'l* v. *Bank of Columbia,* 1 Paige, 518.) The managers and officers of the company not only had the right but it was their duty to do what they could to keep it in life. (*Sheldon Hat Co.* v. *Eckmeyer Hat Co.,* 66 How. Pr. 70; *Copeland* v. *Citizens' Gas Co.,* 61 Barb. 605; *Abbott* v. *Am. Hard Rubber Co.,* 33 id. 538; *Ryckman* v. *Parkins,* 5 Paige, 543; Thompson on Prov. Remedies, 485, 486; Hoffman on Prov. Remedies, 508.) In resisting the legal proceedings taken by the attorney-general and receiver to restrain the company from transacting business, and to distribute its assets and to practically end its corporate existence, the officers acted as the legal trustees of the stockholders and creditors of the company and in the performance of their trust duties, and are entitled to the payment of what are called "trustees' costs," as between solicitor and client. (Beames on Costs [Lond. ed. of 1840], p. 146; 2 Daniell's Ch. Pr. 1438, 1411; Law of Trusts by Tiffany & Bullard, 713; Lewin on Law of Trusts [7th ed.], 846; Burrill on Assign. [3d ed.], § 417, pp. 575, 576; *Noyes* v. *Blakeman,* 5 N. Y. Sup. 539, 543, 544; Lewin's Law of Trusts [6th ed.], 528; 1 Perry on Trusts, §§ 907, 910, pp. 537–540; Hill. on Trustees [Am. Notes], 883, margin 570, 573; Goldsmith's Eq. [6th ed.] 596, 597, 602; *Fay* v. *Erie & Kalamazoo Bank,* Har. Ch. [Mich.] 194; Thompson on Prov. Remedies, 481; Burrill on Assign. [3d ed.] 538, § 391; *Receiver* v. *Paterson Gas-light Co.,* 3 Zabr. 283; 23 N. J. L. 000; *Hyde* v. *Lynch,* 4 Comst. 357, 392; *Att'y-Gen'l* v. *The L. & F. Ins. Co.,* 4 Paige, 224.) In an action or special proceeding for the administration and distribution of a fund in the hands of the court, where a judicial apportionment or determination of rights is necessary for this purpose, the costs, counsel fees and ex-

pense of all necessary parties are a lien and charge upon the fund, as necessary expenses or allowances, prior to distribution. 1 Bacon's Abr [Phil. ed. of 1842] 504 ; Willard's Eq. Jur. [Potter's ed.] 49 ; *House* v. *Finch,* 1 Ves. Ch. 36 ; *Cooper* v. *Pitcher,* 4 Hare, 485 ; *Perry* v. *Whitehead,* 6 Ves. 545 ; 10 Eng. Rep. [Equity Case] 794 ; *Orton* v. *Smith,* 5 Eng. Rep. 518 ; *Lee* v. *Delane,* 4 DeG. & S. 1, 6 ; *Thomason* v. *Moses,* 5 Beav. 77 ; *Boreham* v. *Bignall,* 8 Hare, 131, 134 ; *Knott* v. *Cotter,* 13 Eng. L. & Eq. [Dig. Smith] 196 ; *Howe* v. *Wilson,* 2 R. & M. 687, 688 ; *Wedgewood* v. *Adams,* 8 Beav. 105 ; *Merlin* v. *Blagrave,* 25 id. 125 ; *Larkins* v. *Paton,* 2 M. & K. 320 ; *In re Richardson,* L. R., 14 Ch. Div. 611 ; *Thomas* v. *Jones,* 1 D. & S. 134 ; *In re State Fire Ins. Co.,* De G. J.& S. Ch. 634 ; Albert Arbi. Dec., Parts 1–3, in 1871–3. [Reported by Francis S. Riley, Stevens & Haynes, London, 1872], p. 10 ; The Albert Life Assurance Company Arbitration Act, 1871, 34 and 35 Vict., chap. 31, passed May 25, 1871 ; *Werninck's Case,* p. 103 ; *Morrell* v. *Dickens,* 1 Johns. Ch. 153 ; *Grover* v. *Wakeman,* 11 Wend. 226 ; *Irving* v. *DeKay,* 9 Paige, 533 ; *King* v. *Strong,* id. 94 ; *Atkinson* v. *Marks,* 1 Cow. 693 ; *Badeau* v. *Rogers,* 2 Paige, 209 ; *Richards* v. *Saltin,* 6 Johns. Ch. 445 ; *Canfield* v. *Sterling,* 1 Hopk. 224 ; *Campbell* v. *Dunstan,* 4 Johns. Ch. 333 ; *Mason* v. *Codwise,* 6 id. 297, 301 ; *Wilson* v. *Wilson,* 32 Barb. 346 ; *Livingston* v. *Murray,* 68 N. Y. 493 ; *Bergen* v. *Carman,* 79 id. 153 ; *McLean* v. *Freeman,* 70 id. 89, 90 ; *Ins. Co.* v. *Mechs. Mut. F. Ins. Co.,* 122 Mass. 422 ; *McCoy* v. *Appleby Manuf. Co.,* 1 Bradw. 78 ; *Von Schmidt* v. *Huntington,* 1 Cal. 56, 74, 75 ; *Guy* v. *Globe L. Ins. Co.,* 9 Ins. L. J. 474, 476, 224 ; 2 Daniell's Ch. Pr. 1402, 1405, 1406 ; Lewin on Law of Trusts, 321 ; 1 Bouvier's Law Dict. 752.) The Atlantic Mutual Life Insurance Company, having been sued by the permission of the court, and having interposed an answer, and the issues thereon having been tried and determined against the said company on the first trial, and judgment having been rendered for the plaintiff for the sum of $12,104.59, and the said company not having appealed therefrom, and the said judgment still re-

maining on record against the company, in full force and unreversed, it constitutes a valid claim against the assets of the said company in the hands of the receiver. (*People* v. *Rensselaer Ins. Co.*, 38 Barb. 325; *Kincaid* v. *Dwinelle*, 59 N. Y. 548, 553; *Willitts* v. *Waite*, 25 id. 583.) The judgment rendered for the plaintiff on the second trial, and any further sum, for which this court may decide that the plaintiff is entitled to a recovery, should be adjudged and decreed to be a prior lien and claim upon the fund in court in the hands of the receiver. (*Hare* v. *Rose*, 2 Ves. Sr. 558; *Ford* v. *Earl of Chesterfield*, 21 Beav. 427, 428; *Major* v. *Major*, 2 Drewry, 282, 283; 5 Eng. Rep. 685; 2 Daniell's Ch. Pr. [4th Am. ed.] 1423; *In re Mayhew, Rowles* v. *Mayhew*, Ct. of App. Ch. Div. [Apl. 1877], 4 L. & Eq. 641; *Columbian Ins. Co.* v. *Stevens*, 37 N. Y. 539; Pemberton's Judgments and Orders of the Court of Appeal and High Court of Justice, pp. 222, 223 [London ed., 1876]; *Sutton* v. *Doggett*, 3 Beav.; Sayer's Law of Costs [London ed. 1777], 1–2; Banks' Code of 1879, § 66; Beames on Costs, 207; *Turwin* v. *Gibson*, 3 Atk. 719; 2 Hullock, 526; 2 Wait's Pr. 203; Willard's Eq. Jur. [Potter's ed.] 334; *In re Butler's Estate*, 13 Ir. Ch. [N. S.] 456; High on Receivers, § 134, p. 89; *Magee* v. *Gillelan*, 1 Paige, 644.) The plaintiff is entitled to recover for the work, labor and services performed by him and his firm and for the expenses incurred, whether such services were performed and disbursements expended before or after the appointment of the receiver. (*Bathgate, Admr.*, v. *Harkin*, 59 N. Y. 533; *Gustin* v. *Stoddard*, 30 N. Y. Sup. Ct. 100; 11 N. Y. Weekly Dig. 216; *Tracey* v. *Stearns*, 12 id. 533; *Davis* v. *Stover*, 16 Abb. Pr. [N. S.] 225; *People* v. *Nat. Trust Co.*, 10 N. Y. Weekly Dig. 571; *People* v. *Nat. Trust Co.*, 82 N. Y. 283; *Roberts* v. *Austin*, 26 Iowa, 316; *Columbian Ins. Co.* v. *Stevens*, 37 N. Y. 536; *Matter of Colvin*, 3 Md. Ch. Dec. 280, 303; Kerr on Receivers [Bispham's 2d ed.], 221; Edwards on Receivers, 3, 12.)

*Nathaniel C. Moak* for respondent. Upon the appointment of the receiver, the title to the assets vested in him for the

creditors of the company. Neither the company nor any one acting under it could thereafter charge or incumber the assets with any liability or entitle one acting under or by authority of the company to any judgment against the receiver. (*Matter of Berry, Receiver,* 26 Barb. 55, 59, 62; *People* v. *Security, etc.,* 23 Hun, 596; *People* v. *Security Life Ins. Co.,* 71 N. Y. 226, 227; *Noel* v. *Walsingham,* 2 Sim. & Stu. 970; *Morgan* v. *N. Y. & A. R. R. Co.,* 10 Paige, 290, 295; *Granstine's Appeal,* 49 Penn. St. 321; *Travers* v. *Waters,* 12 Johns. 500; *Krietz* v. *Frost,* 55 Barb. 474; *Savage* v. *Darrow,* 4 How. Pr. 74; *Eldridge* v. *Streutz,* 39 N. Y. Sup. Ct. 295; *Batchelder* v. *Tenney,* 27 Vt. 784; *Conable* v. *Bucklin,* 2 Atk. 221.) The statute under which the receiver was appointed (§ 8, chap. 902, Laws of 1869) expressly directs what disposition shall be made of the funds and assets of the company that go into the receiver's hands and thus places it beyond the power of the court to give the money to the attorney of the company, which has been condemned for mismanagement in preference to the policy-holders who created the fund and to whom the money rightfully belongs. (*In re Atty.-Gen.* v. *N. A. L. Ins. Co.,* 18 Hun, 471; *In re Lamberson,* 63 Barb. 297; *Struthers* v. *Christal,* 3 Daly, 328; *Relfe, Supt., etc.* v. *Life Assn. of A.,* 9 Mo. App. 586; *Tuthill* v. *Lupton,* 1 Edw. Ch. 564; *McLean* v. *Freeman,* 70 N. Y. 81; *Noyes* v. *Blakeman,* 6 id. 567, 581; *Ryckman* v. *Perkins,* 5 Paige, 543; *Leonard* v. *Freeman,* Col. & O. Cas. 491; *People, ex rel.* v. *Security Life Ins. Co.,* 71 N. Y. 224.)

RAPALLO, J. We are of opinion that for the services rendered by the plaintiff to the corporation after the appointment of the receiver, an action against the receiver cannot be maintained. The company, or its officers, could not after that date subject the fund in the hands of the receiver to any legal liability. For its indebtedness to the plaintiff, incurred before the appointment of the receiver, the plaintiff has been permitted to recover. For that incurred afterward he was not permitted to recover.

The plaintiff seeks to avoid this difficulty, and to make his claim for services rendered after the appointment relate back to a period anterior to such appointment, on the ground that they were rendered under a contract made prior thereto, viz. : at the time of his original retainer in May, 1877, and that such retainer was an entire agreement which covered all services he might render throughout the litigation. What effect, if any, a special contract of that description, covering future legal services (if proved), would have upon the question now at issue, it is needless to discuss, for no such contract was proved. The only evidence in the case as to the employment is the testimony of the plaintiff himself. He states that an order was made on the 11th of May, requiring the company to show cause on the 14th why a receiver should not be appointed, and that on the 12th of May he was retained by the officers of the company to oppose its being placed in the hands of a receiver, and under that retainer he opposed the motion, took testimony, etc., and that the order appointing the receiver was made on the 6th of August, 1877, and his services were paid for up to the closing of the testimony and no farther. That he and his associate counsel then advised an appeal, and he was requested by the officers of the company to take the appeal, which was taken to the General Term, where the order was affirmed. That the same officers desired him to take a further appeal from the order of the General Term to the Court of Appeals, and in accordance with this request on behalf of the company he did so. Afterward, without any specific instructions, but in accordance with his knowledge and general retainer, and with the knowledge and assent of the officers, he opposed the confirmation of the report of the actuary, and that he rendered the subsequent services for which, in this action, he claims to recover compensation, under the same general retainer.

We think this evidence fails to make out an entire contract, for the performance of which the company or its assets became bound at the time of the original retainer, so as to create a liability on the part of the receiver for services rendered after the

date of his appointment, and that the finding of the court in that respect is unsupported by any evidence.

The trial court, however, found that the opposition on the part of the company to the appointment of a receiver was in good faith and with a conviction of the solvency of the company, and its right to conduct its own business, and that it had probable cause and reasonable ground for such opposition. Under such circumstances it was clearly the duty of the officers of the company, as trustees for all parties interested therein, to take the necessary steps to protect its corporate existence, and to repel the attack which they regarded as unfounded, and it is but just that such reasonable expenses as they incurred for those purposes should in some form be allowed to them. But it was entirely in the discretion of the court, in administering the fund, to determine up to what stage in the proceeding the opposition was proper, and what should be a reasonable sum to be allowed for the services rendered, or whether any allowance should be made. If there was just ground and probable cause for appealing from the order appointing a receiver, it was competent for the court, in its discretion, to allow a reasonable sum for the expenses of such appeal. It appears that the propriety of that appeal was recognized by this court, by allowing to the company costs of the appeal to be paid out of the fund, which was all that it had power to allow, any further allowance being within the province of the court holding the fund. Whether the proceedings subsequent to the affirmance of the order were justifiable and proper, and any allowance should be made in respect to them, rests in the sound discretion of the court which controls the fund.

As a general principle, trustees of a corporation whose corporate existence is attacked, should be afforded the means of resisting such attack, so far as the facts justify and their duty demands. Public policy requires that they should be protected to this extent, but no farther, and a premium should not be held out for captious and vexatious contests at the expense of the fund, which the court is under the highest obligation to preserve, as far as possible, to meet the just debts and liabilities of the

corporation. But the claim of the trustees to be protected in the defense of the corporation they represent, or that of their counsel to be paid out of the fund for opposing the appointment of a receiver, however just it may be, is not an absolute right which can be enforced by an action in their behalf against the receiver, but is a matter to be addressed to the sound discretion of the court in which the proceeding is pending, and such discretion should be exercised in that proceeding, and as part thereof, and upon a consideration of all the circumstances.

In the present case the plaintiff made an application to the Supreme Court, on which application it would have been competent for the court to pass upon the merits of his claims, and afford him such relief as he was entitled to; and in fact the court entertained the application, and made an order referring it to a referee to take proof of the plaintiff's claims and report the facts to the court. But as part of the same order they gave to the plaintiff the alternative privilege of bringing an action. He elected that course instead of going before a referee, and, on the proofs taken before him, appealing to the discretionary powers of the court. By so doing he assumed the burden of establishing that he was entitled to payment as matter of right, enforceable by action, and not resting in discretion. This right of action he has in our judgment failed to make out.

We think, however, that justice requires that his claim be examined, and the discretion of the court exercised thereon. The court will have full power to determine for what services (if any) he should be allowed, and what, in its judgment, would be a reasonable and fair compensation therefor.

The judgment should be affirmed, without costs, and without prejudice to a renewal of the plaintiff's application to the court for payment of his costs and reasonable counsel fees and expenses out of the fund in the hands of the receiver.

All concur.

Judgment accordingly.