Landon, J.
Reviewing the discretion exercised by the special term in allowing to the petitioner compensation for his services rendered for the company after the receiver of its property had been appointed, we conclude that a case was presented justifying an allowance within the opinion of the court of appeals in Barnes agt. Newcomb (89 N. Y., 108), rendered upon the claim in question.
First. The company appears to have been deprived of its property and business upon a contested allegation of insolvency. The property was great, and there were reasonable grounds for the company to hope that upon appeal the order depriving it of its property would be reversed.
Second. After the appointment of the receiver the statute (chap. 902, sec. 8, Laws 1869) required that a competent actuary should examine the condition of the company and report whether its assets were sufficient to enable it to meet its obligations matured and to mature. The liabilities of the company upon existing policies could, from the nature of the *147 case, only be estimated. The actuary made his report. It was adverse to the company. But the principles upon which he made the estimate of maturing liabilities were at that time not well established. If a different basis had been adopted, the solvency of the company would have been shown, and thereupon it would have been competent for the court in its discretion to reinstate, the company in its property and business. That the company should contest the accuracy of this report in the courts was a natural and reasonable step for it to take in its struggle for existence.
Third. Pending the litigation, the assets of the company so appreciated in value that they appeared to exceed its liabilities. Upon this ground the company applied to the court to be restored to its possession and be allowed to resume business. The effort was unsuccessful, mainly because it was felt by the court that a life insurance company, discredited by hostile litigation at the suit of the state, could not with safety to its policyholders be permitted to resume business (74 N. Y., 177; 77 id., 336).
Thus the company struggled under circumstances which gave some promise of success in every way open to it to recover its vast property and resume its business. Its entire good faith in making the struggle is found by the court below, a finding which seems unquestionable under the circumstances.
Order affirmed, with costs and disbursements.
Bookes, J.
Under the order of reference the referee, after a full hearing, has, as he was authorized to do, certified to the court the value of the services in controversy and his opinion as to the amount the applicant should receive or be paid, and further, that the services and disbursements incurred in connection with them were rendered and made in good faith, and with the reasonable and well grounded belief that the proceedings would benefit the company, its stockholders and policyholders; and there is no question but that the proceedings were taken under the sanction of the officers of the *148 corporation, with the belief and hope that the company should in justice be restored to its corporate rights. The special term has given sanction to these conclusions of the referee, and for myself I cannot well say, after looking into the proof, that an error has been committed in that regard. The case then is brought directly within the principle laid down in Barnes agt. Newcomb (85 N. Y., 108), to the effect that the trustees of a corporation whose existence is attacked, should be afforded the means of resistance as far as the facts justify, and that justice requires that an allowance should be made for such amount as would afford a reasonable compensation therefor. The steps necessary to the determination of these questions have here been taken, and the justice and reasonableness of the claims, as well to the items as to the aggregate, have been established, hi or am I able to say, under the rale laid down for our guidance by the court of appeals, that any one of the proceedings for which an allowance was made was unreasonable to an extent making it absolutely improper; nor can I well say under the proof that the amount certified as justly due for the services performed, or for any item of those services, is in excess of what should be allowed. I must concur in the opinion of my brother Landón, and vote for an affirmance of the order directed by the special term.
Learned, P. J., not acting.