*In re* IMPORTERS' & GROCERS' EXCHANGE OF NEW YORK.

*(Common Pleas of New York City and County, General Term. December 19, 1889.)*

CORPORATIONS—DISSOLUTION—ATTORNEYS' FEES.

> On the dissolution of a corporation, and the appointment of a receiver, under Code Civil Proc. N. Y. §§ 2419–2431, the court, in its discretion and without a reference, may make a reasonable allowance, out of the funds which may come into the receiver's hands, for the attorneys' fees of the unsuccessful contestants, where they had reasonable cause for their opposition.

Appeal from special term.

Application of Henry F. Hitch and others, trustees of the Importers' & Grocers' Exchange of New York, for a voluntary dissolution of the corporation, under Code Civil Proc. N. Y, §§ 2419–2431, to which Henry E. Hawley and others, trustees, objected. From an order for a reference to ascertain what allowance should be made to the attorneys of the unsuccessful contestants, petitioners appeal.

Argued before VAN HOESEN, BOOKSTAVER, and DALY, JJ.

*Hascall, Clarke & Vanderpoel, (John P. Clarke,* of counsel,) for appellants. *Frank E. Blackwell,* for respondents.

DALY, J. As we have reversed the order denying the application for a dissolution of the corporation, *(ante,* 319,) we might simply reverse the order now appealed from, without passing upon the question whether, in a proceeding under sections 2419–2431, Code, the court has power to make an allowance beyond a sum equal to statutory costs in actions. As the question must arise, however, upon the entry of the final order for dissolution, it is proper to determine it now. As against one party to this proceeding in favor of the other party, we could allow only taxable costs as in an action, this being a special proceeding; but, upon the appointment of a receiver upon dissolution of the corporation, the court is authorized to provide for the expenses of the proceeding out of the funds which will come into the receiver's hands. It has been held that the unsuccessful trustees who have opposed a proceeding to dissolve a corporation, under the conviction that it was solvent and had a right to conduct its own business, and who had probable cause and reasonable ground for their opposition, were justified, as trustees for all parties interested, in retaining counsel to protect the corporate existence, and to repel the attack which they regarded as unfounded, and that such reasonable expenses as they incurred for those purposes might be allowed to them; it being entirely in the discretion of the court in administering the fund to determine what, if any, should be a reasonable sum to be allowed, allowances for the

purpose being within the province of the court holding the fund. *Barnes* v. *Newcomb*, 89 N. Y. 108. There seems to be therefore no question of authority to make to the prevailing as well as the objecting party, in a proper case, an allowance in these proceedings. I think the propriety of an allowance and the amount might be determined by the court, without a reference, upon settlement of the final order. The order appealed from must be reversed. All concur.