Prior to the hearing of the motion at Lenoir, in April, 1895, Thos. F. Parker filed a claim before the receiver for salary claimed by him to be owing to him from the company for services as president thereof from 1 September, 1893, to 1 September, 1894. Harlan P. Kelsey likewise filed a similar claim for salary as secretary of the company from 1 September, 1893, to 1 September, 1894.
These two claims were rejected and refused by the said receiver, and also by a special master to whom the matter had been referred, and also by his Honor, Judge Timberlake, at the hearing at Lenoir on 3 April, 1895, and have not been paid.
All of the debts which were owing from the defendant company at the time of the commencement of this action and of the appointment of the receiver herein have been paid and satisfied.
Prior to the application for the discharge of the receiver, on motion it was ordered by his Honor, Judge Allen, then presiding and holding the courts in the Tenth District, that the receiver should not pay out any moneys to the plaintiff upon his said debt until he should have made and filed a bond to indemnify or repay to (473) the defendant company any and all such damages as it might sustain by reason of loss because of failure of title to the lands for which said debts were contracted. The debts to the plaintiff Lenoir were subsequently paid by the defendant company in money or bonds, without taking indemnity.
It was insisted on the part of the appellants that there were serious dissensions among the stockholders of the defendant company in relation to the general policy proposed to be pursued by the officers in control, and especially in respect to the method of liquidating the outstanding indebtedness and encumbering the property of the company, the said officers having a bare majority of the stock, the said points of difference being stated in the affidavits filed by the parties, respectively, and this was argued as a reason against the discharge of the receiver.
The plaintiffs Parker and Kelsey appealed from the order of his Honor discharging the receiver and dismissing the action.
The defendant is a domestic corporation and the plaintiff is a stockholder and creditor of the defendant corporation. Plaintiff, for the reasons alleged in his complaint, commenced this action for the recovery of his debt, and for the appointment of a receiver; and a receiver was appointed on 23 August, 1893, who entered on the discharge of his duties on 1 September, 1893. At the time the receiver was appointed Thomas F. Parker was the president of the defendant corporation, and H. P. Kelsey was secretary, elected at the last annual meeting, in July, 1893, and, as they allege, for the term of one year from that time next ensuing.
It is true these facts are not presented with much clearness in the record. But it was alleged on the argument by Mr. Davidson, who (474) represented these parties, that they were elected at the July meeting, and this was not denied as a fact by Mr. Davis, who represented the defendant corporation.
Both Parker and Kelsey are parties to this action, and both presented claims for payment — one as president and the other as secretary — as the record states, from the "1 September, 1893, to 1 September, 1894." The receiver, under the order of court, paid their "salaries" to 1 September, 1893, the time when the receiver took charge, and refused to pay them anything more. Under this state of the case the matter was referred to Isaac T. Avery as a special master, and, without hearing any evidence from either party, he reported "that as a matter of law" neither Parker nor Kelsey was entitled to recover anything, and the court affirmed the ruling of the special master. So, without passing upon this ruling as a proposition of law, taking the court to use the word "accrue" in the sense of "originating," still we do not think the ruling correct. It excluded these parties from the right to produce evidence as to the facts of their claims, and we think the case turns upon this ruling. These parties (Parker and Kelsey) could not recover this as a part of a salary due them as officers. Eliason v. Coleman, 86 N.C. 235. But if they were entitled to pay, it was upon contract. If the defendant employed these parties, one as president and the other as secretary, for a term of one year at a fixed and certain price, we do not see why it should not be bound by the contract.
It is true the defendant may show, if it can, that Parker and Kelsey acted in such manner as to release the defendant from its obligations altogether, or that they have earned that amount or some part of it, at something else, which the company is entitled (475) to have applied in part or in whole in discharge of its liabilities. But it must be the act of these parties, and not that *Page 325 
of the corporation, that will discharge the obligation of the contract.
In the case of Eliason v. Coleman, supra, although the plaintiff was not allowed to recover against the defendant Coleman, it is right clearly intimated that he had a cause of action on contract against the company. The same intimation is made in the cases of Barnes v. Newcomb,89 N.Y., 114, and In re Croton Ins. Co., 3 Barb. ch. 642.
If these parties have valid claims, as they were parties to this action, it was a right they had to have them considered and settled before the receiver was discharged. And in this case it seems not only their right, but their only chance to get anything, as the corporation has placed a mortgage on everything, it has for $60,000, which will be a prior lien to any judgment they might be able to recover.
We recognize the rule to be that the powers of the stockholders and directors cease upon the appointment of a receiver, and they can make no contract to bind the company after that; and our ruling in this case is put upon the supposition that Parker and Kelsey would have been able to establish a contract with the company prior to the appointment of the receiver. This they may not be able to do, but the error was in not allowing them the opportunity to do so if they could.
It seems to have been held in some of the early opinions that when the party who had procured the appointment of a receiver had been satisfied he had the right to have the receiver discharged. But this does not seem to be the rule now. It is held in more recent adjudications and by later text writers that when a receiver is appointed it is for the benefit of all the creditors, and the party procuring the appointment has no right to have him discharged against the (476) protest of a nonsatisfied creditors, who it appears might be damaged by the discharge. High Rec., sec. 837. This, it seems to us, is the better rule, and we think there was error in discharging the receiver before the claims of Parker and Kelsey were heard and disposed of. And as it appears there were funds sufficient to satisfy their claims, if it should turn out upon investigation that they are entitled to said claims, or any part of them, the receiver should not be discharged until they are satisfied. There is error as herein pointed out.
Error.
Cited: S. c., 126 N.C. 931. *Page 326 
(477)