THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* COMMERCIAL
ALLIANCE LIFE INSURANCE COMPANY, Defendant.

In the Matter of the Application of OLIVER P. BUEL and Others,
Composing the Firm of BUEL, TOUCEY & WHITING, for the Payment of Their Claim.

WILLIAM T. GILBERT, as Receiver, etc., Appellant; BUEL, TOUCEY
& WHITING, Respondents.

*Insolvent corporations — attorneys employed by officers acting in bad faith in opposing
an application for the receiver — they have no claim on the fund.*

Where the officers of a corporation, who know it to be insolvent, oppose an application for the appointment of a receiver, and, in bad faith, employ attorneys to resist the application, the court cannot allow anything to be paid from the funds of the corporation to compensate such attorneys.

Where the application for the appointment of a receiver of a corporation is resisted in bad faith, the fact that the attorneys themselves rendered their services in good faith will not avail them.

FOLLETT, J., dissenting.

APPEAL by William T. Gilbert, as receiver of the Commercial Alliance Life Insurance Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 31st day of August, 1895, directing him to pay Buel, Toucey & Whiting the sum of $500 for their services to the defendant company rendered in the action.

*W. S. Maddox,* for the appellant.

*Oliver P. Buel,* for the respondents.

VAN BRUNT, P. J.:

The case of *Barnes v. Newcomb* (89 N. Y. 108) may possibly be an authority for the proposition that where an application is made for the appointment of a receiver of a corporation upon the ground of its insolvency, and the company employs counsel and opposes such application in good faith and with a conviction of the solvency of the company and its right to conduct its own business, and it has probable cause and reasonable ground for such opposition, the court

may in administering the fund allow the reasonable expenses incurred in attempting to repel the attack upon the corporation which its officers regarded as unfounded. But where, as in the case at bar, the officers of the company undoubtedly knew that the company was insolvent, and acted in bad faith, there seems to be no possible ground upon which indemnity for expenses incurred can be allowed.

It has been suggested that as the attorneys in the case at bar acted in good faith, the bad faith of their client cannot be imputed to them. But the authority quoted clearly only allows indemnity for reasonable expenses which the corporation has incurred in the conduct of an opposition made in good faith. It certainly would be a strange proposition to hold that, although the officers of a corporation had acted in bad faith, yet that the agents whom they employed should be able to procure such an allowance in their behalf and a preference over the other creditors of the corporation.

We think, under the circumstances of the case at bar, that no allowance can be made to the attorneys, notwithstanding that they acted in good faith, because of the want of good faith upon the part of the officers of the corporation which employed them.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Parker, J., concurred.

Follett, J. (dissenting):

The bad faith of the officers of the defendant corporation cannot be imputed to the corporation, its shareholders, its policyholders and creditors, whom the attorneys represented, and whose rights it was material to inquire into and protect. The attorneys had no knowledge that the corporation was insolvent, and were ignorant of the facts known to its officers, and their bad faith cannot be imputed to counsel. The officers of the defendant corporation did not employ the attorneys to defend their own interests alone, but to defend the interests of the corporation and all persons represented by it.

The order should be affirmed, with costs.

Order reversed, with ten dollars costs and disbursements, and motion denied, with costs.