THE PEOPLE OF THE STATE OF NEW YORK *v.* THE COMMERCIAL ALLIANCE LIFE INSURANCE COMPANY.

In the Matter of the Application of OLIVER P. BUEL et al., Constituting the Firm of BUEL, TOUCEY & WHITING, Appellants; WILLIAM T. GILBERT, Receiver, Respondent.

INSOLVENT CORPORATION — ACTION FOR DISSOLUTION — PAYMENT OF COUNSEL. An application to authorize the receiver of an insolvent corporation, appointed in a proceeding for its dissolution, to pay, as a preferred claim, out of the fund in his hands, a reasonable allowance to counsel employed by the corporation, for services rendered in the defense of the proceeding, is properly denied, where it appears that, by reason of the actual insolvency of the corporation, known to its officers, and of their attempt to continue it in business by fraudulent means, the employment of counsel to resist the proceeding was unjustifiable, although the counsel may have acted in good faith and stopped the defense on discovering that the corporation was insolvent.

Reported below, 91 Hun, 389.

(Argued February 17, 1896; decided February 25, 1896.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made December 18, 1895, which reversed an order of Special Term directing the receiver of the Commercial Alliance Life Insurance Company to pay appellants an allowance, fixed by the court, for their services as attorneys and counsel in the defense of proceedings to dissolve the corporation and for the appointment of a receiver.

*Oliver P. Buel* for appellants. The order of the General Term is appealable to this court. (*Snyder* v. *Snyder*, 96 N.

Y. 88; *Tolman* v. *S. B. & N. Y. R. R. Co.,* 92 N. Y. 353;
*In re Holbrook,* 99 N. Y. 543; *Anderson* v. *Anderson,* 112
N. Y. 104; *People ex rel.* v. *Jeroloman,* 139 N. Y. 14; *Tilton*
v. *Beecher,* 59 N. Y. 176; *Atty.-Gen.* v. *N. A. L. Ins. Co.,*
91 N. Y. 57; *Meyer* v. *Cullen,* 54 N. Y. 397; *Morris* v.
*Wheeler,* 45 N. Y. 7,08; *Lowenthal* v. *Lowenthal,* 68 Hun,
366; Baylies on New Trials, 231.) The Special Term prop-
erly exercised discretion in granting the allowance. The rule
upon which the General Term specifically bases its reversal is
inequitable, unreasonable and wholly without the sanction of
authority. (*Barnes* v. *Newcomb,* 89 N. Y. 108; *People* v.
*A. M. L. Ins. Co.,* 74 N. Y. 177; *Barnes* v. *A. M. L. Ins. Co.,*
59 How. Pr. 247; 2 Daniell's Ch. Prac. 1411, 1438; *In re
I. & G. Exch.,* 28 N. Y. S. R. 416; *Atty.-Gen.* v. *A.
M. L. Ins. Co.,* 100 N. Y. 279; *Atty.-Gen.* v. *N. A. L.
Ins. Co.,* 91 N. Y. 57.) The doctrine of the General Term.
is in derogation of the public policy which favors the
preservation of corporate life, and seeks to avoid as far as pos-
sible the destruction of corporations through enforced dissolu-
tions and receiverships. (*People* v. *A. M. L. Ins. Co.,* 74 N.
Y. 177; *Birge* v. *B. I. B. Co.,* 133 N. Y. 483.)

*William S. Maddox* for respondent. The order rested in
the discretion of the court below, and, hence, is not appealable.
The appeal should, therefore, be dismissed. (*Barnes* v. *New-
comb,* 89 N. Y. 115; *Hitch* v. *Hawley,* 132 N. Y. 212.)

Andrews, Ch. J. The case of *Barnes* v. *Newcomb* (89 N.
Y. 108) is an authority for the proposition that a court of
primary jurisdiction in the exercise of its discretion may
authorize the receiver of an insolvent corporation, appointed
in an action brought for its dissolution, which was defended
in good faith by the corporation, though unsuccessfully; to
pay as a preferred claim out of the fund in his hands, a
reasonable sum for the compensation of counsel employed by
the corporation in defending the action. The principle upon
which an allowance in such case may be made is that counsel

fees are in the nature of expenses incurred by the corporation and its trustees in the protection and preservation of the trust which they represent, and even if it turns out that a case is made for the interference of the state, so long as the defense was made in good faith and upon reasonable grounds, there is apparent justice in subjecting the property and fund involved in the litigation to expenses incurred in discharging a general duty cast upon the corporation and its trustees, to take all reasonable means for its protection. (*Atty.-Genl.* v. *North American Life Ins. Co.*, 91 N. Y. 57.)   But in any such case it is in the discretion of the court, in view of all the circumstances, to determine whether any or what allowance shall be made.   The application, when made, must ordinarily be made after the judgment dissolving the corporation and appointing a receiver when the property has passed out of the control of the corporation, and may properly be made by or in behalf of the counsel employed, who are the persons beneficially interested in any allowance which may be made.   But the compensation is due from the corporation upon whose employment the services were rendered, and unless the employment was justified under the circumstances, we can perceive no equitable reason why the claims of counsel for defending the action should be preferred to that of other creditors.

In the present case it appears and it is admitted that the counsel employed by the corporation acted in good faith, and defended the action, believing that the company was solvent, and stopped the defense when they discovered that they had been misinformed.

But both the Special and General Terms substantially found that the corporation and its officers knew before and when the action was commenced that the company was insolvent, and it appeared that its officers had resorted to fraudulent statements and devices in order to enable it to continue its business and maintain the confidence of policyholders.

In our opinion it would be contrary both to equity and to sound public policy to permit counsel fees out of the fund to be awarded to the applicant on the theory that counsel do not

hold their rights under the corporation which employs them, but independently of the corporation, or that they can assert a right unaffected by the fraud or bad faith of the corporation in interposing a defense. There is little danger that this rule will disable corporations assailed from securing in proper cases the services of competent counsel. If any embarrassment-arises it will be in cases of dishonest attempts to keep corporations afoot to the prejudice of honest dealing. If it tends to this result the public will suffer no harm.

Our conclusion is that the General Term properly reversed the order of the Special Term, assuming, as is claimed by the appellants, that the reversal proceeded on the ground that upon the facts proved and found there was no discretion in the court to grant the application.

The order should be affirmed.

All concur.

Order affirmed.