THE GOODYEAR TIRE AND RUBBER COMPANY, INCORPORATED,

*v.*

UNITED MOTOR CAR AND SUPPLY COMPANY, INCORPORATED.

[Decided March 5th, 1918.]

In a receivership proceeding the court may allow, as a preferred claim, a reasonable sum for compensation of the counsel employed by the corporation, in good faith, to prevent the appointment of a receiver, but counsel fees representing services to the stockholders of the corporation instead of to the corporation itself, could not be allowed.

On bill, &c.

*Mr. Abraham Rudensey, pro se.*

*Mr. Edwin G. Adams,* for the receiver.

LANE, V. C.

This is an application for an allowance for compensation for services rendered as counsel to the defendant company from April 27th, 1917, the date of the institution of the insolvency proceedings against it, to May 3d, 1917, when the officers of the company, on the advice of counsel, consented to the appointment of a receiver under the statute.

Application is not made under the provision of the statute providing for the payment of employes, but is based upon the inherent power of the court to direct paid, as a preferred claim, a reasonable sum for compensation of counsel employed by the corporation in good faith to defend the corporate existence of the company. I think the power exists. *High Rec. (4th ed.) 439; Barnes* v. *Newcomb, 89 N. Y. 108; People* v. *Commercial Alliance Insurance Co., 148 N. Y. 563.*

I adopt the language of the court of appeals in the latter case: "The case of *Barnes* v. *Newcomb, 89 N. Y. 108,* is an authority for the proposition that a court of primary jurisdiction, in the exercise of its discretion, may authorize the receiver of an insolvent corporation, appointed in an action brought for its dissolution, which was defended in good faith by the corporation, though unsuccessfully, to pay as a preferred claim out of the funds in his hands a reasonable sum for the compensation of counsel employed by the corporation in defending the action. The principle upon which an allowance in such case may be made is that counsel fees are in the nature of expenses incurred by the corporation and its trustees in the protection and preservation of the trust which they represent; and even if it turns out that a case is made for the interference of the state, so long as the defence was made in good faith and upon reasonable grounds, there is apparent justice in subjecting the property and fund involved in the litigation to expenses incurred in discharging a general

duty cast upon the corporation and its trustees to take all reasonable means for its protection."

I have examined the bill of particulars submitted by counsel and am convinced that a large portion of the services alleged to have been rendered were services rendered to the stockholders of the company with a view of rehabilitation rather than services rendered to the officers and directors as trustees for the creditors and stockholders. For such services as were rendered to the stockholders no allowance can, of course, be made. For such as were rendered in good faith to the officers and directors of the company as trustees for the creditors and stockholders an allowance will be made. I think the sum of $75 will be adequate compensation for such services and that sum will be allowed.