Submitted on briefs September 6; affirmed September 20, 1932

## MUELLHAUPT *v.* JOSEPH A. STROWBRIDGE ESTATE CO. ET AL.

### (14 P. (2d) 282)

*Prescott W. Cookingham, Leo J. Hanley,* and *Samuel H. Martin,* all of Portland, for appellant.

*John P. Kavanaugh,* of Portland, for respondent Muellhaupt.

*I. N. Smith* and *John F. Logan,* both of Portland, for other respondents.

CAMPBELL, J.   Joseph A. Strowbridge, one of the pioneer business men of Portland who by his energy

and thrift accumulated a considerable estate, died January 30, 1903. His estate was appraised at approximately $135,000.

Surviving him was his widow, Mary B. Strowbridge, four sons, Jos. A. Strowbridge, Jr., Albert B. Strowbridge, Henry J. Strowbridge, and George Strowbridge, and one daughter, Mary S. Strowbridge, the plaintiff herein. These were the sole heirs of the estate. Thereafter his estate was incorporated under the name of the Joseph A. Strowbridge Estate Company with a capital stock of 150 shares. These shares were issued 25 to each of the heirs.

On May 31, 1912, one of the stockholders, George Strowbridge, died intestate, without issue. The surviving members of the family continued in control and management of the corporation and were its sole officers and directors.

On August 14, 1916, the mother, Mary B. Strowbridge, died intestate, leaving the four other children as the sole officers and stockholders of the corporation.

In 1921, an attempt was made to divide the stock of the corporation equally among the four surviving children so that each child held one-fourth of the stock.

In 1926, plaintiff herein began this suit against the Joseph A. Strowbridge Estate Company and the three brothers, and alleged various frauds and conspiracies on the part of her brothers, claiming that they had defrauded and deceived her and obtained large dividends and sums of money to which she was entitled, by virtue of such fraudulent conduct.

She further alleged that about the year 1905, her mother, Mary B. Strowbridge, and her brother, George Strowbridge, and herself, made mutual wills whereby

the estates of each testator would go to the survivor of the three executing the wills. Thus, by virtue of these alleged wills, she would become the owner of 75 shares or one-half of the capital stock of the said corporation. She thus claimed that from and after the death of her mother she was entitled to 50 per cent of all dividends declared by the corporation. She claimed that an accounting was due her of all sums paid as dividends since her mother's death. She also claimed misappropriation of large sums of money, and waste and mismanagement of the corporation and its. property whereby her property rights have been invaded, and, to a large extent, destroyed.

She also alleged that one of the brothers appropriated about $50,000 of money belonging to the estate for which she claimed no accounting had been made. She also claimed that much money was uselessly expended by the managers and officers of the estate; that certain contracts were entered into with a real estate firm in Portland whereby the corporation, through inefficiency of its officers, suffered a loss of $60,000. She further alleged that certain salaries had been paid Joseph A. Strowbridge and certain money had been paid to Henry Strowbridge which the corporation had no right to pay. She also alleged that large dividends had been paid by the corporation which the officers of the corporation had misappropriated and defrauded her out of her just share. She sought to have a receiver appointed for the corporation and to have it taken out of the hands of its officers and to have its affairs wound up.

Her suit was divided into two separate causes by the circuit court; one involved the question of the mutual wills, and one involved the question of receivership for the corporation and accounting.

The corporation and the other defendants employed John F. Logan and I. N. Smith as attorneys to defend against the claim of plaintiff.

Several days were consumed in the circuit court taking testimony. The transcript of testimony consisted of more than 1,200 pages. The cause was argued in that court for more than three days.

The decision of the circuit court not being satisfactory to the parties, an appeal was taken by each to this court and exhaustive briefs filed in each case. The cases were consolidated for argument and the decree of the circuit court modified to a certain extent, neither plaintiff nor defendants getting all they claimed in either court. However, a receiver was appointed for the Joseph A. Strowbridge Estate Company by the circuit court and its action in appointing such receiver was sustained by this court. The receiver appointed was the Security Savings and Trust Company. After the cause was finally disposed of in this court, and the mandate sent to the circuit court, the attorneys, John F. Logan and I. N. Smith, filed a petition in the circuit court in which the proceedings were pending under the receivership, requesting an allowance for attorney fees, for services rendered the corporation in the foregoing litigation prior to the appointment of the receiver.

The plaintiff objected to such an allowance. The receiver, the Security Savings and Trust Company, like all corporate receivers, having "no body to be booted, or soul to be saved," which gladly accept the Biblical maxim, "It is more blessed to give than to receive," (in reverse) also objected to the court granting relief under the petition, on the grounds that the court had no jurisdiction to make such an allowance.

The petitioner introduced evidence showing the services rendered and that the sum demanded was a

reasonable amount to be allowed under the circumstances. No evidence was offered by the plaintiff or the receiver. The court thereupon made an award to the petitioners in conformity to the averments of the petition and the proof offered. The receiver appeals from said order.

██ The only question presented is: Did the court have jurisdiction to make the allowance for attorney fees under the circumstances?

The court had jurisdiction over the plaintiff because she voluntarily came into court. It had jurisdiction over all the defendants because they were brought into court by due process. It had jurisdiction over the subject matter because that was the very matter under consideration in the litigation herein, and it certainly had jurisdiction over its own appointee, the receiver.

"A receiver is a person appointed by a court or judicial officer to take charge of property during the pendency of a civil action, suit, or proceeding, or upon a judgment, decree or order therein, and to manage or dispose of it as the court  *  *  *  may direct." Oregon Code 1930, section 32-701. Pacific Lumber Co. v. Prescott, 40 Or. 374 (67 P. 207); Tobin v. Portland Flouring Co., 42 Or. 117 (68 P. 749).

"In a receivership proceeding, the court may allow, as a preferred claim, a reasonable sum for compensation of the counsel employed by the corporation in good faith to prevent the appointment of a receiver." Goodyear Tire and Rubber Company Inc. v. United Motor Car and Supply Co., 89 N. J. Eq. 108 (103 Atl. 471).

The court having jurisdiction and having exercised its discretion and no showing having been made of any abuse of that discretion, the order of the lower court should be affirmed.

It is so ordered.