## Bertolet, Conservator, et al. v. Berkshire Hotel Co.

*George A. Kershner, George B. Balmer,* and *Bertolet & Bertolet,* for accountant.

*Emanuel Weiss,* p. p., claimant.

MAYS, J., February 15, 1937.—The account shows a balance in the hands of accountant for distribution of $22,267.24.

Emanuel Weiss, Esq., presented a claim for compensation for services rendered. He contends that, although he was employed by the above-named corporations to represent them in the equity proceedings, he represented said corporations for the benefit of all creditors, bondholders, and parties in interest, and that as a result of his efforts the creditors of the Berkshire Operating Company received payment in full of all uncontested and allowed claims, an amount of upwards of $21,000; that he gave the receiver of said corporations full coöperation and as-

sistance in bringing about and adopting a plan of settlement, all of which inured to the benefit of bondholders and creditors of both corporations, and all of which prevented protracted and costly litigation and the expenditure of moneys for costs of litigation.

At the audit he stated more in detail what were his services, and it was agreed by the parties that they were reasonably worth $2,000, the only question being as to whether the court should exercise its discretion in favor of the allowance of such an amount.

The bondholders' committee, the receiver and the attorneys must be as well informed as is the court as to what coöperation and help were given by Mr. Weiss. To set forth here what was done by him would necessitate a lengthy recital of the proceedings covering a long period of time. This I feel is unnecessary. It is sufficient to say that he helped considerably to augment the estate and preserve it for the bondholders.

1 Clark on Receivers (2d ed.), 899, sec. 642(b), citing The Assets Realization Co. v. Defrees, Brace & Ritter, 225 Ill. 508, states that "it has been held that counsel fees for defending in good faith an action brought for a receivership may be allowed even though the defense is unsuccessful on the ground that such counsel fees were in the nature of expenses incurred in the preservation of the property which the counsel represented."

In the case of Barnes v. Newcomb, etc., 89 N. Y. 108, there is authority for the proposition that a court of primary jurisdiction, in the exercise of its discretion, may authorize the receiver of an insolvent corporation, appointed in an action brought for its dissolution, to pay as a preferred claim out of the fund in his hands a reasonable sum for the compensation of counsel employed by the corporation in defending the action.

This applies with greater force to the instant case, because here we are not concerned with an insolvent corporation. On the contrary, as pointed out, all the creditors have been paid.

*Distribution*

| | | |
|---|---|---|
| Balance due estate, as appears by account filed .................. | | $22,267.24 |
| To Emanuel Weiss, Esq ........... | $ 2,000.00 | |
| To Berkshire Hotel Corporation, balance ......................... | 20,267.24 | 22,267.24 |

And now, to wit, February 15, 1937, it is ordered and decreed that Paul A. Flickinger, receiver as aforesaid, pay the distributions to the persons respectively entitled thereto.