JAMES A. MASTERTON, EXTR.
U. W. MINNIE B. MASTERTON, ET AL.
*vs.*
LENOX REALTY COMPANY

Superior Court     New Haven County     File No. 56661

MEMORANDUM FILED DECEMBER 5, 1939.

*Vincent P. Dooley, Thomas R. Robinson* and *Connor &*
*Connor,* of New Haven, for the Plaintiffs.

*Wiggin & Dana,* of New Haven, for the Defendant.

FOSTER, J. For some years prior to December 23, 1938,
the Lenox Realty Company had been doing business in New
Haven as a corporation. On that date its stockholders voted to
terminate the existence of the corporation by its directors as
trustees under the supervision and jurisdiction of this court in
accordance with statute. In March, 1939, the present action
was instituted for the appointment of a receiver by this court to
administer and wind up the business of the corporation. This
action was contested by the directors of the corporation acting
as trustees as aforesaid. The action was tried before the court,
the trial occupying the court days from May 9 to June 2,
1939. The court rendered judgment appointing a receiver of
the corporation. Frederick H. Wiggin, a member of the New
Haven County Bar, was duly and regularly retained by the
corporation, acting by its executive officers, to advise and guide
the corporation in the legal steps that it took for its dissolution,
and he was duly and regularly retained by the trustees of the
corporation to so guide and advise them, and upon the direction
of such trustees he conducted their legal contest against the ap-
pointment of a receiver. He was assisted by Frank E. Callahan
and Harrison F. Trumbull, members of the New Haven County
Bar.

Mr. Wiggin, in due season, has presented a bill for the serv-
ices and disbursements of himself and his assistants for payment
by the receiver. The receiver recommends that the bill be dis-
allowed by the court.

The bill is in due and proper form. It is itemized and is
accompanied by a narrative statement of the services performed.
The amount of the bill is $7,500 for services and $58.20 for
disbursements. Mr. Wiggin and the receiver, duly represented
by counsel, have been fully heard by the court.

The receiver does not question the amount of the bill; he con-
tends that the receiver is not liable for its payment. The court
has examined the items and narrative of the bill. It appears

that the claimant and his assistants rendered more than 650 hours of service. The trial of the action was of such length and the entire service rendered was of such a nature as to require not only the expenditure of time but also knowledge gained by intensive study and years of experience.

I am satisfied that the amount of the bill is reasonable and so find.

The corporation is solvent. The contest of the action in which a receiver was appointed was made in the utmost good faith by the trustees and by the claimant. The receiver has in his hands more than $50,000 in cash besides interests in real estate. The claims which the receiver recommends should be allowed amount to $1,206.38 and those that he recommends be disallowed amount to $11,128.59.

"It seems, that where the officers of a company believe it to be solvent and have reasonable grounds for such belief, it is their duty to oppose such an application and that the reasonable expenses incurred should be allowed to them." *Barnes vs. Newcomb,* 89 N.Y. 108.

"Where, on suit by a director for a receiver based on misconduct of the other trustees, a receiver was appointed and the corporation takes a suspensive appeal, the receiver in possession of its funds must pay the expenses required to perfect the appeal." *Wolbrette vs. New Orleans Drug Co., Inc.,* 149 La. 434.

"The act of the state auditor in putting a custodian in charge of the assets of a building and loan association does not deprive the association of the power to make a contract for services of attorneys to resist the appointment of a receiver. In a receivership proceeding against a building and loan association the court has power, where the equities of the case so require, to allow a claim for attorney's fees for services rendered to the association in resisting the receivership, even though the litigation was unsuccessful and the contract of employment was made after the state auditor had placed a custodian in charge of the assets." *Assets Realization Co. vs. Defrees,* 225 Ill. 508.

See, also, *People vs. Commercial Alliance Life Ins. Co.,* 148 N.Y. 563, 42 N.E. 1044; 53 C.J. Receivers §435.

The claim of Frederick H. Wiggin for the sum of $7,558.20 is allowed as a common claim to be paid by the receiver at the same time that other common claims are paid.