OF THE

## TERRITORY OF WASHINGTON,

AT THE

## JANUARY TERM, 1889.

[No. 525. Decided January 25, 1889.]

ELMON SCOTT AND JOHN L. VINSON, *Sheriff of Asotin County*, v. B. F. PATTERSON.

### EXECUTION — SALE — REDEMPTION — NOTICE.

Under Code Wash. T., 1881, § 375, subdivision 1, providing that a person seeking to redeem from a sheriff's sale shall give the purchaser two days' notice of his intention to apply to the sheriff for that purpose, a notice given on the 4th of the month of an intention to apply on the 6th is sufficient.

As it is not necessary that the holder of the certificate of purchase should be present, the notice need not state the hour of the day when the application will be made.

Service of such notice may be proved by the testimony of the person who served it, without any return or affidavit of service thereon.

REPORTER'S NOTE.—The decisions of the Supreme Court of Washington Territory for the year 1889 have been inserted in this volume for the purpose of continuing and completing the series of Washington Territory Reports. As all the territorial decisions reported herein were rendered more than a year prior to the appointment of the present Reporter, he has, with the consent of the West Publishing Co., taken the reports of those cases from the Paicfic Reporter, and inserted them here with but little change.

*Appeal from District Court, Asotin County.*

*Allen & Gose,* for appellants.

*B. L. & J. L. Sharpstein,* for appellee.

The opinion of the court was delivered by

ALLYN, J.—On January 24, 1885, certain real estate owned by one D. F. West and wife, in Asotin county, was sold to Elmon Scott by the sheriff, under execution. On the 18th day of February following, the sale to Scott was confirmed, and later, in pursuance of such sale and confirmation, a deed was made by the sheriff to Scott. On July 9, 1885, D. F. West and wife transferred to B. F. Patterson their equity of redemption in said realty. In August following, Patterson, then holding the equity of redemption, attempted to redeem the land from this execution sale, and served a notice of such intention on the 4th day of August, 1885, proposing to redeem on the 6th, and on said day, about noon, under this notice, paid Vinson, the sheriff, $180.50 for the purpose of redeeming said land; Scott, the purchaser, not being present. This action was brought for the purpose of setting aside the deed to Scott, and to compel the execution of a deed to Patterson as holder of the equity, in accordance with his redemption made August 6, 1885. The decree below was in accordance with this prayer, and Patterson was decreed a deed, and further, that the deed to Scott be set aside. From this action of the court an appeal is taken here.

Appellant contends that the notice of August 4th to redeem on the 6th was short, and was also defective in not giving notice of the hour, and further, in having upon it no return or affidavit of service, and was not, therefore, legally proven. The statute provides (§ 375, subd. 1): "The person seeking to redeem shall give the purchaser or redemptioner, as the case may be, two days' notice of his

intention to apply to the sheriff for that purpose. At the time and place specified in said notice, such person may redeem by paying to the sheriff the sum required The sheriff shall give the person redeeming a certificate as in case of sale on execution, adding therein the sum paid on redemption, from whom redeemed, and the date thereof. A party seeking to redeem shall submit to the sheriff the evidence of his right thereto, as follows." Then follows the proof necessary to be made of the party's right to redeem, etc. It is admitted that this notice was actually given and received by the purchaser of this intention of the holder of the equity to redeem upon August 6th, and that the amount was paid in accordance therewith on that day, and the usual certificate of redemption issued; and it further appears that on the trial in the court below proof was made that such notice was actually served.

There is to our mind but little force in the contention of appellant, who relies upon the principle that redemption is a statutory creation, and must be strictly pursued. While this is true, it is also equally true that such statutory provisions are somewhat allied to those of exemption, and the same liberal rule of construction, for analogous reasons, should be applied to both. They are of a benevolent character, and in each the main object is the prevention of oppression or sacrifice of an unfortunate debtor. There is no good reason why the hour of the day should be named. The holder of the certificate of purchase need not personally attend unless he chooses to. He may notify the sheriff of any objections he may have to the redemption; he may furnish him with a statement of the amount he claims, or present any objections or reasons which he may have, equally as well in writing as in person. If he chooses to voluntarily inconvenience himself by attending to it merely for the purpose of a personal objection or the like, he may do so, but it is certainly immaterial to the rights of the parties. *Scharfenburg v. Bishop*, 35

Iowa, 60. Code Wash. T., 1881, § 759, not only allows, but requires, a liberal construction, which is evidently intended for just such instances as this. By the well known rule of computation of time, service on the 4th day, which is excluded, leaves two clear days, for the 6th day, under the law, is to be included, no matter at what time on that day the redemption is made. Code, § 743; *Magnusson v. Williams*, 111 Ill. 450. We think, also, that the evidence on the trial below, under oath, of service made of this notice of redemption was entirely sufficient to save the want of a return upon it. It proved the service, and that was the material matter. And, moreover, it is nowhere denied, but is in the case here admitted, that the notice was actually received, and promptly.

The slight difference of eight cents, a possible error of computation, is inconsequential, and is in fact so treated on presentation of the case here. The same may be said of so much as relates to the equally slight error in tender made for tax paid. The only real and substantial objection relied upon or contended for is the service of notice by the sheriff, and the time and the want of a return. We see no objection to the service having been made by the sheriff in a case like this. The remaining questions have already been passed upon. In our view there was a substantial compliance with the statute in such case, and the very slight omissions, if any, are inconsequential, considering the very good reasons existing for treating such cases with liberality, where good faith and an honest effort to comply fully with the terms of the statute are shown, as in this case.

The decree of the court below is therefore affirmed.

BURKE, C. J., and NASH, J., concur.