[No. 3117. Decided July 10, 1899.]

WILLIAM BAGGOT, *Appellant,* v. LESTER TURNER *et al.,*
*Respondents.*

CORPORATIONS—ELECTION OF OFFICERS—IRREGULARITIES—WHO MAY QUESTION.

Trustees of a corporation elected by a minority of the trustees to fill vacancies in their board are *de facto* officers, and, where they have entered peaceably into the possession of office, their acts as such officers, within the scope of the corporation's ordinary business, cannot be questioned by strangers.

MORTGAGES—MODE OF REDEMPTION—NOTICE.

Under Code Proc. § 516, one seeking to redeem from sale on mortgage foreclosure need give notice only to the purchaser at the sale or to prior redemptioners, if any.

Appeal from Superior Court, King County.—Hon. WILLIAM HICKMAN MOORE, Judge. Affirmed.

*Charles E. Shepard* and *Vince H. Faben,* for appellant:

A board of trustees can act only through a meeting at which a majority of the whole number are present to act. The authorities are uniform to the effect that any less number than a quorum can exercise no power whatever, binding on the corporation. *Ex parte Willcocks,* 7 Cow. 402 (17 Am. Dec. 525); *Coryell v. Bridge Co.,* 9 N. J. Eq. 457; *Tennessee & C. R. R. Co. v. East Alabama Ry.*

*Co.,* 73 Ala. 426; *Gashwiler v. Willis,* 33 Cal. 11 (91 Am. Dec. 607); *State v. Porter,* 113 Ind. 79; *Lockwood v. Mechanics' National Bank,* 9 R. I. 308 (11 Am. Rep. 253).

Where the board of trustees has power to fill vacancies in the board, the appointment of trustees to fill vacancies is a corporate act as much as any other corporate act, and can be exercised only by a majority. *State v. Curtis,* 9 Nev. 325; *Moses v. Tompkins,* 4 South. 763; 3 Thompson, Corporations, § 3853.

Where proceedings are taken by persons purporting to be a board of trustees or directors, and the board is not duly assembled by reason of lack of notice or lack of a quorum or other essential step, the proceedings of the board are void and can confer no rights. *Doernbecher v. Columbia City Lumber Co,.* 28 Pac. 899 (28 Am. St. Rep. 766); *Smith v. Dorn,* 96 Cal. 73; *Gashwiler v. Willis,* 33 Cal. 11; *Craig Medical Co. v. Merchants' Bank,* 59 Hun,. 561; *Waterman v. Chicago & I. R. R. Co.,* 139 Ill. 658 (15 L. R. A. 418); *Smith v. Los Angeles, etc., Association,* 78 Cal. 289 (12 Am. St. Rep. 53); *Mercantile Library Hall Co. v. Pittsburg Library Asso.,* 173 Pa. St. 30; *Kansas City Hay-Press Co. v. Devol,* 72 Fed. 717;. *Wickersham v. Crittenden,* 93 Cal. 17.

*Preston, Carr & Gilman* and *Shank & Smith,* for respondents:

The board of trustees which authorized the execution of the deed was the *de facto* board of trustees of the corporation, and the five members of it were *de facto* trustees of the corporation; therefore the acts of these *de facto* officers. are binding upon the corporation, and especially so when subsequently ratified by the stockholders themselves, as was done. *Baird v. Bank of Washington,* 11 Serg. & R. 411; *Richards v. Farmers' & Mechanics' Institute,* 26 Atl.

210 (35 Am. St. Rep. 848); *The Vigilancia,* 73 Fed. 452;
3 Thompson, Corporations, § 3893.

The appellant, not being a creditor or stockholder of the
company, is in no position to question the legality of the
election of officers assuming to act as corporate officers;
nor to question the legality of the board meeting, nor the
sufficiency of a corporate contract made on behalf of the
corporation under the direction of men assuming to be its
trustees, especially in view of the fact that the corporation
received and obtained the benefit of the contract, and the
stockholders then and subsequently recognized the persons
so assuming to act as officers as such. *Eno v. Crooke,* 10
N. Y. 60; *Castle v. Lewis,* 78 N. Y. 131; *Mechanics' National Bank v. Burnet Mfg. Co.,* 32 N. J. Eq. 236; *Charitable Association v. Baldwin,* 1 Metc. 359; *Cooper v.
Curtis,* 30 Me. 488; *Merchants' Nat. Bank v. Gaslight Co.,*
34 N. E. 1083 (38 Am. St. Rep. 453).

The opinion of the court was delivered by

DUNBAR, J.—The following history of this case is necessary to an understanding of the propositions involved:
The Broadway Investment Company, a corporation incorporated under the laws of the state of Washington, became
indebted to the New England & Northwestern Investment
Company on a note and mortgage. The mortgage was foreclosed and the mortgaged property sold, leaving a deficiency judgment. Under execution upon the deficiency,
all the remaining property of the company was sold. The
mortgagee purchased at both sales. After the purchase of
the property by the mortgagee, it sold its certificates of
purchase to the appellant, who was a non-resident. The
appellant, after receiving the certificates of purchase, paid
a large amount of delinquent taxes which had accrued
against the property. For some years prior to February
7, 1898, the corporation held no trustees' or stockholders'

meetings. Prior to that date its board of trustees was composed of John H. McGraw, R. H. Calligan, Joseph Mc-Naught, C. F. Yeaton and Sutcliffe Baxter. The stock was held by numerous persons, that of McGraw being pledged as collateral security to the First National Bank of Seattle, of which the respondent Turner was cashier. At that time, February 7, 1898, McGraw was absent from the state, and Yeaton and Baxter had become disqualified. The property which had been sold having begun to appreciate in value, it was deemed by the trustees left expedient to redeem the same, if possible, and a meeting was held at which only two of the trustees above mentioned were present. The resignations of Yeaton and Baxter were presented and accepted, and the two trustees then present, viz., Calligan and McNaught, elected to fill such vacancies L. C. Gilman and C. S. Shank. The four then proceeded to elect P. P. Ferry in place of McGraw. The three newly elected or appointed trustees at once qualified, proceeded to act, and have since acted, as the board of trustees of the corporation. At that meeting a proposition of the respondent Turner was made to the corporation, offering to pay to the corporation $500 for a conveyance of the land sold, together with the equity of redemption. In the proposition it was stipulated that the company should have the right within sixty days to purchase the land at the price paid, with the amount paid to effect redemption added, and, in the event of the failure of the company to purchase within that time, any stockholder might acquire, through Turner, the same interest in the land which he held through the corporation, by paying Turner a proportionate part of the redemption money and price paid by Turner. This proposition was accepted and the board, as so constituted, authorized the execution of a deed in due form, which deed was duly executed. On February 8th following, Turner prepared a notice of intention to redeem from both sales, ad-

dressed to the New England Company, as purchaser, and to the appellant, informing both that on February 11th, at 10 a. m., he would apply to the sheriff to redeem from both sales. There is no question but that the notice to the company was duly and properly served, and it was also served upon a clerk in the law office of Emmons & Emmons, who, at the time of receiving the notice, informed Mr. Shank, who served it, that the firm of Emmons & Emmons were attorneys for the appellant. The testimony, however, shows that upon the return of Mr. Emmons, he disclaimed attorneyship for the appellant, and the notice was returned to Mr. Shank with that information. A restraining order had been obtained from a judge of the superior court of King county to prevent the redemption of this property, and the sheriff, upon the demand made by the redemptioner, Turner, refused, on account of such restraining order, to accept the money offered. The restraining order was, upon hearing, dissolved, and, upon its dissolution, the respondent paid the sheriff the money which he had before offered him, and the sheriff issued to him a certificate of redemption. The corporation did not take advantage of the first provision in the contract in relation to the privilege of redeeming within sixty days or a repurchase from Turner, but a number of the stockholders took advantage of the other provision which permitted them within thirty days after the expiration of the sixty days to redeem their interest. The appellant is not, and has never been, a stockholder of the corporation.

This action was commenced to prevent the redemption by the respondent of the real estate sold as hereinbefore mentioned. The court, upon the trial, dismissed the action and found that the equities were with the defendant. A great many errors are assigned, but the case hinges upon the proposition whether the deed of assignment to the respondent was legal and conveyed power to redeem the

land sold. It is contended by the appellant that, inasmuch as but two of the trustees acted in electing the trustees on the above mentioned 7th day of February, 1898, their election was illegal; that the subsequent actions of the trustees so, as alleged, illegally elected, were therefore void; that the deed made to Turner by the authority of the trustees was void, and that he therefore had no right to redeem the property sold. This is really the pivotal proposition in the case, and upon its determination depends the rights of the respective parties to this action.

Many cases are cited by the appellant to sustain the contention that the board of a private corporation such as this can act only through a meeting at which a majority of the whole number are present to act. It is insisted by the respondent that not only were the stockholders in this particular case authorized to act under the circumstances testified to, but that, as a secondary proposition, the appellant here, being a stranger, has no right to question the validity of the acts of the corporation; and these two questions will be considered together.

It is firmly established by authority that the acts of a *de facto* officer will bind the corporation and all having business relations with it; and conceding the theory of the plaintiff that the corporation in this instance could act only through a majority of the board, and that a majority of the board only acted in the election or appointment of the subsequent trustees, we think the subsequent actions of the trustees were valid for the reason that the trustees elected were *de facto* trustees, and, that being so, it is not necessary to discuss the question as to whether or not they were *de jure* trustees. The following definitions of an officer *de facto* have been given by 2 Cook on Stock and Stockholders and Corporation Law, § 713, notes:

" One who has the reputation of being the officer he assumes to be, and yet is not a good officer in point of law."

This definition was enunciated in *Parker v. Kett,* 1 Lord Raymond, 658, and *Rex v. Corporation of Bedford Level,* 6 East, 368. Another definition is:

" One who actually performs the duties of an office, with apparent right and under claim and color of an appointment or election."

Another:

" One who has the color of right or title to the office he exercises; one who has the apparent title of an officer *de jure.*"

Such officers are distinguished from mere usurpers, and in *State v. Curtis,* 9 Nev. 325, the court held that, in order to make a person an officer *de facto,* he should in some way have been put into the office, and have secured such a holding thereof as to be considered in peaceable possession and actually exercising the functions of an officer. In the case at bar there was no forcible entry into the office by these elected trustees. They secured peaceable possession of the office by color of right; that is, by the action of all the available trustees of the corporation. It does not seem that it was either forcibly or clandestinely done, and no objection was made to their entry into the office by any one interested or disinterested, and it seems to us that they can plainly be distinguished from mere usurpers, whose actions would not be binding upon the corporation or any one else.

In *Richards v. Farmers' & Mechanics' Institute,* 154 Pa. St. 453 (26 Atl. 210, 35 Am. St. Rep. 848), a Pennsylvania case, the court said:

"An officer *de facto* is one whose acts, though not those of a lawful officer, the law, upon principles of policy and justice, will hold valid, so far as they involve the interests of the public and third persons;"

citing *State v. Carroll,* 38 Conn. 449, and *McGargell v. Coal Co.,* 4 Watts & S. 425, where it was held that

" 'A corporation may act by means of an officer *de facto,* as fully and effectually as regards the public and third persons, as an officer *de jure*' in all matters within the scope of the corporation's ordinary business."

In this case the officers acted within the scope of the corporation's ordinary business. They were recognized, so far as the record shows, by every one who was in any way connected with the corporation.

*Baird v. Bank of Washington,* 11 Serg. & R. 411, it seems to us is a case very nearly in point, although the appellant has undertaken—we think unsuccessfully—to distinguish it from the case at bar. There the court said:

" In analogy to the distinction between judicial proceedings that are absolutely void for want of jurisdiction, and those that are only voidable for irregularity, there is something extremely plausible in this opinion [the court having held the action of the board, which acted without a quorum, void]. Still, however, it will be found, that the question does not depend on whether the appointment is void, or only voidable, or whether it emanated from an authority which had full power to make it; but whether the officer has come in under *color* of right, or in open contempt of all right whatever. . . . This distinction runs through all the cases. . . . The inquiry then is, was there the color of an election in Mr. Baird's case ? He was elected by the very body in which the right to elect was vested, the only thing wanting to the perfect validity of the act, being the presence of two more electors. But the presence of these would not have changed the board to another and a distinct body; it would still have been the President and Directors of the Bank of Washington. It is impossible, therefore, to say that Mr. Baird usurped the office, without the semblance of right."

But, in addition to this, we do not think that, under the authorities, or on any correct principle of law, the appellant in this case can question the validity of the election of these trustees. Such complaint must be made by the stockholders of the company, or by the company itself,

and there is no well-considered case that holds to the contrary. The case cited by the appellant, and which it was stated was a parallel case with the one at bar, viz., *Moses v. Tompkins,* 84 Ala. 613 (4 South. 763), was an action brought by the shareholders of a street railway company, seeking to enjoin the directors of the corporation from selling the stock of the shareholders for the payment of assessments and calls thereon, and from making other calls, and from doing other things which the shareholders objected to. In that case it was held, in accordance with the great weight of authority, that the legal authority of the board to act could be inquired into. There it was distinctly stated that the rule that the action of *de facto* officers could not be collaterally called in question was really for the protection of third persons dealing with the corporation, and was not applicable as between the directors and the stockholders. Certainly, if a stranger can invoke the rule for his benefit, he must accept it with all the obligations which the rule imposes. Section 3853 of Thompson on Corporations (vol. 3, p. 2792), simply enunciates the same rule, viz., that it has been held that the persons so elected will be restrained, at the suit of the stockholders, from exercising office, especially when their interests are antagonistic to the interests of the corporation; citing *Moses v. Tompkins, supra.*

In this case the appellant primarily had but one right, that was to receive the money which he had advanced, with the interest provided for by statute, if it was tendered him before the time for redemption had expired. He is not concerned in the technical observation of the legal requirements by the corporation. If the corporation and the stockholders of the corporation are satisfied with the manner in which their directors are elected, and are satisfied with the subsequent actions of those directors or trustees, the appellant has no ground for complaint. He

is in no way prejudiced by the manner in which the trustees were elected.

It is further contended by the appellant that the redemption should not be allowed for the reason that the appellant was not notified of the intention of the respondent Turner to redeem. We are not entirely satisfied that the notice was not given to the appellant in this case, but, conceding that it was not, there are two answers to this assignment of error. The first is, that the record shows that he actually had notice, and appeared within the time and opposed the redemption. The second is, that under the statute (Code Proc. § 516) he was not entitled to notice. The notice is only to be given to the purchaser. The purchaser was the New England & Northwestern Investment Company. We think the law was complied with in every respect by the redemptioner. The court in this case dismissed the action and found the equities in favor of the defendants. It is claimed by the appellant that the court acted upon the theory that, the restraining order having been dismissed, there was nothing for the court to try, and that the finding above mentioned was therefore erroneous. But, however that may be, the record is all here, and we have examined it upon the merits, and think that the finding of the court was warranted by the testimony. The letter of Turner to Messrs. Bridge, Beach & Co. might indicate a desire to somewhat circumscribe the actions and rights of some of the stockholders, but, outside of this, the record shows no attempt on the part of the corporation or of the shareholders to do anything but to redeem a valuable property. The agreement under which this sale to Turner was made must have been for the protection of the corporation if demanded within sixty days, and further protection of the individual rights of the stockholders within thirty days, and the testimony shows that the individual rights were protected whenever demand was made.

On the whole case we see no reason for disturbing the judgment. It is affirmed.

GORDON, C. J., and REAVIS, ANDERS and FULLERTON, JJ., concur.