[No. 9655.  Department One.  July 11, 1911.]

## D. H. YOUNG, *Respondent*, v. W. SCHENCK *et al.*, *Appellants*.[1]

CORPORATIONS—REPRESENTATION BY OFFICERS—APPEAL—DISMISSAL. An appeal by a corporation will be dismissed on motion of a majority of its executive committee, in whom the management of its affairs is vested subject to revision by the directors, where it appears that all the directors and members of the executive committee save the president desire it, and a majority of the committee so expressed themselves at a meeting, though a formal resolution was not adopted.

APPEAL—DISMISSAL—COPARTIES. Parties joining in an appeal without any appealable interest cannot resist a voluntary dismissal.

APPEAL—DECISIONS REVIEWABLE—CESSATION OF CONTROVERSY—RECEIVERS. An appeal from an order appointing a receiver for an insolvent corporation will be dismissed on the ground of a cessation of the controversy where, since the order appealed from, the corporation confessed its insolvency and consented to the appointment of a receiver in an action in the Federal court.

CORPORATIONS—DIRECTORS—TITLE TO OFFICE—COLLATERAL ATTACK. Directors of a foreign corporation who have taken the oath of office and entered upon their duties are *de facto* officers, and entitled to dismiss an appeal taken by the corporation; and their authority cannot be collaterally impeached by the fact that they had not filed a written acceptance of their trust, as required by the laws of the state where incorporated.

Motions to dismiss an appeal from a judgment of the superior court for Stevens county, Carey, J., entered May 20, 1911, appointing a receiver for an insolvent corporation. Granted.

*Cain & Macdonald*, for appellants.

*Merritt, Oswald & Merritt*, for respondent.

[1]Reported in 116 Pac. 588.

GOSE, J.—On May 16, 1911, the plaintiff recovered a default judgment against all the defendants for nearly $6,000, including attorney's fees and costs. Thereafter and on May 20, on the application of the plaintiff and without notice, a receiver was appointed for, and directed to take possession of, all the properties of both corporations defendant. Thereafter the defendant Germania Mining Company moved the court to vacate the order appointing a receiver for its property, upon the ground, (1) that the order was made without notice; (2) that the court acted without jurisdiction; (3) that no grounds existed for the appointment of a receiver; and (4) that it was not insolvent. Affidavits and counter affidavits were submitted to the court with the motion, and on June 2 an order was entered continuing the receiver. The order recites that, after reading the affidavits and counter affidavits, the court believed that the appointment of a receiver was necessary for the protection of the creditors of the corporation; that the motion to vacate the order appointing him was therefore denied; and that the receiver be continued as under the former order. Thereafter the defendants united, giving separate notices of appeal from the orders of May 20 and June 2.

Two motions to dismiss the appeal have been interposed. Two of the directors of the appellant Germania Mining Company, who are also members and constitute a majority of its executive committee, have filed a motion in proper person for the dismissal of the appeal. The respondent has also moved to dismiss the appeal on the ground that the controversy has ceased, in that the appellant Germania Mining Company, on June 20, in an action prosecuted against it in the circuit court of the United States for the eastern district of Washington, for the appointment of a receiver to take charge of its properties, filed its answer in that court, wherein it admitted its inability to meet its current obligations and indebtedness by reason of the lack of funds, and consented to the appointment of a receiver.

The record shows that the board of directors of the Germania Mining Company consists of six persons, three of whom reside in Germany and three in Spokane. The by-laws provide that an executive committee, composed of the president and two other directors, shall be appointed yearly by the board of directors or of the stockholders, for the management of the affairs of the corporation when the board of directors is not in session; that the executive committee shall have entire control and supervision of all the affairs of the corporation consistent with law and the by-laws, and in accordance with the general policy and specific directions of the board of directors or of the stockholders, and that the acts of the executive committee shall be reported to the board of directors at its meeting next succeeding, and that such acts shall be subject to revision or alteration by the board of directors, saving the rights of third parties. At a regular meeting of the executive committee held in the city of Spokane on June 20, all the members being present, a resolution was offered directing that steps be taken to secure the dismissal of the appeal. Two of the members present have filed affidavits stating that the resolution was regularly adopted by a majority vote. The third member and the secretary of the committee have filed affidavits stating that the resolution was not voted upon. But all agree that it was offered. The three directors in Germany unite with the two members of the executive committee in their effort to secure the dismissal of the appeal. This is shown by a cablegram annexed to the notice and affidavits.

It is obvious from what has been said that all the directors and members of the executive committee save the president desire the dismissal of the appeal, and that a majority of the executive committee so expressed themselves at the meeting referred to. If the resolution was not formally adopted, it was at least understood that a majority of the committee favored the policy expressed in the resolution. The corporate powers of a corporation can only be exercised through its of-

ficers.   The by-laws vest the general management of the af-
fairs of the Germania Mining Company in its executive com-
mittee, subject to revision by the board of directors.   The
directors of a corporation can vest the performance of merely
ministerial duties in an executive committee of their own mem-
bers, and when all meet and consult, the decision of the ma-
jority is controlling.   10 Cyc. 1072-3.   The other defend-
ants, as we have seen, have united in the appeal.   We find
nothing in the record showing that they have any appealable
interest in the order appointing and continuing the receiver
for the property of the Germania Mining Company.

We also think that the motion of the respondent is well
taken.   There is nothing in the record tending to show any
change in either the assets or liabilities of the Germania Min-
ing Company between May 20 and June 20, except a state-
ment in its answer filed in the Federal court on the latter date,
that it had been disappointed in not receiving the promised
loans from its managing officers in Germany.

The Germania Mining Company is a foreign corporation
organized in the state of Minnesota.   It is said that the di-
rectors and members of the executive committee who are
seeking to dismiss the appeal have not filed a written accept-
ance of their trust, as they are required to do under the laws
of Minnesota before they are authorized to act.   It suffices to
say that they were regularly chosen, took the oath of office,
entered upon the discharge of their official duties, and were
recognized as officers by its president.   They are, therefore,
officers *de facto*, and their title to the offices cannot be im-
peached collaterally, but can be impeached only in a direct
proceeding by the state or by a person having an interest in
calling it into question.   10 Cyc. 1056-7.

The motions to dismiss the appeal are sustained.

DUNBAR, C. J., FULLERTON, PARKER, and MOUNT, JJ.,
concur.