[No. 13599. Department Two. February 28, 1917.]

THE STATE OF WASHINGTON, *on the Relation of Anna Stickel,*
*Appellant,* v. J. HOWARD SHATTUCK, *as Sheriff of*
*Kitsap County, et al., Respondents.*[1]

EXECUTION—SALE—REDEMPTION—RIGHT TO—PROOF—PRESUMPTION.
Under Rem. Code, § 599, prescribing the method of redeeming real
estate from execution sale, and providing that an applicant for re-
demption shall submit to the sheriff, as evidence of his right there-
to, a copy of any assignment necessary to establish his claim, veri-
fied etc., it will be presumed, in the absence of a showing to the
contrary, that the sheriff did his duty and determined that a re-
demptioner was successor in interest to the judgment debtor.

SAME—SALE—REDEMPTION—NOTICE — SUFFICIENCY. The redemp-
tion of real property from execution sale is not invalid because the
sheriff was not given five days' notice as required by Rem. Code,
§ 599, where the sheriff did not insist on the five days' notice and the
judgment debtor or purchaser had actual notice, and appeared two
days prior to the time fixed and objected thereto.

SAME. A letter to a sheriff plainly stating an intention to redeem
real property from execution sale on a certain date, is a sufficient
notice of the intention to redeem, within Rem. Code, § 599, requiring
five days' written notice thereof to the sheriff.

Appeal from an order of the superior court for Kitsap
county, French, J., entered April 8, 1916, dismissing a peti-
tion for a writ of mandamus, after a hearing before the court.
Affirmed.

*John G. Barnes,* for appellant.

*Robt. F. Booth,* for respondent.

MOUNT, J.—This appeal is from an order of the lower
court dismissing the petition of the relator for a writ of
mandamus against the sheriff of Kitsap county, to require
the sheriff to deliver a deed to the appellant for property sold
and purchased by the appellant under a judgment. The
respondents, in answer to the petition, denied certain alle-
gations therein, and alleged affirmatively that the respond-

[1]Reported in 163 Pac. 414.

ent Contractor's Machinery & Storage Company had redeemed the property from the judgment referred to. On a trial of the case, the court found that:

". . . on January 14, 1916, the defendant Contractor's Machinery & Storage Company, a corporation, duly notified the sheriff of Kitsap county that it would, on the 19th day of January, 1916, redeem the property described in relator's petition from a sale theretofore made by said sheriff on January 23, 1915; and it further appearing that on January 15, 1916, the said sheriff of Kitsap county notified John G. Barnes, as attorney for relator, that such redemption would take place on January 19, 1916, which said notice was duly and regularly transmitted to said Barnes through the United States mail, and was received by him on January 16, 1916; that said Barnes had ample and sufficient notice to enable him to appear and file any additional claims he had against said property before January 19, 1916; and it further appearing that said Barnes actually appeared in the sheriff's office on the 17th day of January, 1916, and discussed the question of redemption with said sheriff; and it further appearing that on the 19th day of January, 1916, said defendant Contractor's Machinery & Storage Company redeemed said property and received from said sheriff a certificate of redemption . . ."

Thereupon the court dismissed the proceeding. The relator has appealed from that order.

The facts are not in dispute. It appears from the record in the case that, in the year 1915, J. G. Barnes and wife secured a judgment for $140 against the International Contract Company, a corporation. On the 23d day of January, 1915, an execution was issued on that judgment. A sale of the real estate in question was had, and it was purchased by the relator. Thereafter the International Contract Company sold and conveyed its interest to the Contractor's Machinery & Storage Company. Thereafter, on January 14, 1916, Robert F. Booth, acting as attorney for the Contractor's Machinery & Storage Company, wrote a letter to the sheriff, as follows:

"Dear Sir:—On January 23, 1915, you sold at public auction certain land belonging to the International Contract Company, described as a portion of Lot 1, Section 9, Township 24, N. R. 2 E. W. M., together with the tide and shore lands in front thereof, the same being sold in the case of John G. Barnes vs. International Contract Company, a corporation. Cause No. 3719. The time for redemption expires on the 23d of January of this year, and the present owners of the equity of redemption, the Contractor's Machinery & Storage Company, will redeem. Will you kindly let me known by return mail, if possible, the exact amount I must send over. Figure interest to the 19th. Will you accept a check, or must I bring the gold?

"Your prompt attention will very much oblige, as the time is short.          Very truly yours,

"ROBT. F. BOOTH."

In answer to this letter, the sheriff, upon the next day, informed Mr. Booth that he had mailed a notice of intention to redeem to Mr. Barnes, attorney for the plaintiff, and that the amount required to redeem, on January 19, would be $171.59. Upon the same day, the sheriff notified Mr. Barnes, by letter, that he had been notified by the defendants of an intention to redeem on the 19th. On the 17th of January, Mr. Barnes appeared at the sheriff's office and protested against the redemption. The sheriff, on the 19th, received the money for the redemption, and issued a certificate of redemption to the Contractor's Machinery & Storage Company. Upon these facts, the court dismissed the proceeding.

Appellant makes two contentions: First, that the Contractor's Machinery & Storage Company had no right to redeem; and second, if it did have a right, it was not exercised in the manner provided by law. It is argued by the appellant that there was no evidence introduced of the right of the Contractor's Machinery & Storage Company to redeem. We find no denial in the record of that fact alleged in the affirmative answer, and if there was a denial, the evidence is sufficient upon that point because the sheriff's cer-

tificate of redemption which was introduced in evidence, recites that the redemptioner is the successor in interest of the defendant in the execution sale. The statute, Rem. Code, at § 599, provides as follows:

"The mode of redeeming shall be as provided in this section. The person seeking to redeem shall give the sheriff at least five days' written notice of his intention to apply to the sheriff for that purpose. It shall be the duty of the sheriff to notify the purchaser or redemptioner, as the case may be, or his attorney, of the receipt of such notice, if such person be within such county. At the time and place specified in such notice the person seeking to redeem may do so by paying to the sheriff the sum required. The sheriff shall give the person redeeming a certificate stating therein the sum paid on redemption, from whom redeemed, the date thereof and a description of the property redeemed. A person seeking to redeem shall submit to the sheriff the evidence of his right thereto, as follows:— . . .

"(2) A copy of any assignment necessary to establish his claim, verified by the affidavit of himself or agent, . . ."

It was the duty of the sheriff, under this section, to inquire into the right of the person offering to redeem. In the absence of any showing to the contrary, it will be presumed that the sheriff did his duty, and determined the fact that the respondent Contractor's Machinery & Storage Company was the successor in interest of the International Contract Company.

It is next argued that the right was not exercised in the manner provided by law, because the five days' notice of intention to redeem was not given. The court finds that the notice was given January 14 of the intention to redeem on January 19. There is evidence to the effect that the notice was received by the sheriff on the 15th, and that would be but four days' notice, but we think statutes of this kind should receive a liberal construction. See *Scott v. Patterson*, 1 Wash. 487, 20 Pac. 593. The object of this statute was a notice. The sheriff would probably not be required to accept the money tendered on redemption unless he had five

days' notice, but where the defendant, or purchaser at the sale, has actual notice, and the sheriff does not insist upon the full time, we think that a less time should not defeat the redemption.

The appellant further contends that the letter to the sheriff was not a notice of an intention of the respondent to redeem, but it is clear to us that the letter was a notice to the sheriff that that company would redeem, because it states so in·plain language, and the notice to the sheriff was all that the redemptioner was required to give, under the statute above quoted. It was the sheriff's duty then to notify the purchaser at the sale, or his attorney. No time is fixed for that notice. In the case of *Baggot v. Turner*, 21 Wash. 339, 58 Pac. 212, in referring to this question, this court there said:

"It is further contended by the appellant that the redemption should not be allowed for the reason that the appellant was not notified of the intention of the respondent Turner to redeem. We are not entirely satisfied that the notice was not given to the appellant in this case, but, conceding that it was not, there are two answers to this assignment of error. The first is, that the record shows that he actually had notice, and appeared within the time and opposed the redemption."

That is the case here. The purchaser at the execution sale, or at least her attorney, had notice of the intention to redeem, and appeared two days before the time of redemption and objected and protested against the sheriff permitting the redemption. The relator therefore had notice, and that was all that was necessary.

We think the court was clearly right in dismissing the writ, and the judgment is therefore affirmed.

MORRIS, HOLCOMB, and PARKER, JJ., concur.