*In re* HUTTO ENGINEERING CO., INC.

PETITION OF LIPPMAN.

CORPORATIONS—DISSOLUTION—ATTORNEY'S FEE.
> Where activities of attorney appearing in behalf of minority stockholders in opposition to proceeding for dissolution of corporation resulted in no benefit or advantage to receiver or corporation, trial judge's refusal to allow attorney's fee is sustained, on appeal.

Appeal from Wayne; Campbell (Allan), J. Submitted October 18, 1932. (Docket No. 126, Calendar No. 36,064.)  Decided January 3, 1933.

In the matter of the dissolution of Hutto Engineering Company, Inc., a Michigan corporation. Petition by Harry J. Lippman, representing sundry objecting creditors, for attorney fee. Petition denied. Petitioner appeals. Affirmed.

*Harry J. Lippman, in pro. per.*

*Beaumont, Smith & Harris,* for appellee.

CLARK, J.  We approve the statement of facts made by the trial judge:

"This is a petition praying the court to make an allowance to an attorney who entered his appearance for sundry stockholders in a certain dissolution proceeding begun for the purpose of obtaining a receivership for the Hutto Engineering Company.

"At the time that the petition was filed, it appears that the company was solvent, in the sense that its

assets, at least, as shown on the books, exceeded its liabilities. It further appeared that the company was in a difficult position financially, due to the fact that it had a line of credit with the First National Bank in Detroit, and also a line of credit with its principal creditor, the Carborundum Company. There had previously been an understanding between the Carborundum Company and the First National Bank, whereby the Carborundum Company furnished certain materials to the Hutto Engineering Company and gave them a line of credit for this purpose. This extension of credit amounted to about $25,000 a month, of which advancement, some part was in merchandise, but mainly cash. It developed about the time of filing the petition, the Carborundum Company came to the decision that they could no longer afford to extend this credit and continue these advances, whereupon the bank decided that it also was unwilling to allow its unsecured claim to go without a proper financial adjustment. At this time the bank had an unsecured indebtedness of approximately $105,000, and the Carborundum Company credit was $185,000, a total of $290,000. In addition to this, there were sundry smaller creditors, whose total was approximately $65,000. The revenues of the company at this time were not sufficient to make any reduction in these obligations.

"The petition was filed, and an order to show cause was issued, why the company should not be dissolved. In the meantime a temporary receiver was appointed upon the date of the return of the order to show cause.

"The petitioner here, Harry Lippman, Esq., appeared on behalf of certain minority stockholders, and filed a formal objection to the dissolution of the company. Without any hearing on the question of the dissolution of the company, an adjournment was had for a period of 30 days. No testimony was

taken, but certain statements were made to the court as to the attitude of various creditors, including the Carborundum Company. At that hearing the Carborundum Company was represented by out-of-town counsel, namely, E. E. Franchott, Esq., an attorney from Niagara Falls, New York. Various statements were made in open court to the effect that there was no desire to force a hearing on the matter, and all parties there present united in agreeing to the adjournment in question. No one, at the time of the hearing, urged the court that the immediate dissolution of the company was advisable or desirable.

"On the adjourned date, the first report of the receiver was filed, at which time it was evident that the receiver was able to show something of an operating profit.

"Subsequent adjournments in the same way were taken, and at each adjourned date, a report of the receiver disclosed the fact that the receiver was able to make money, and the general financial condition of the company very definitely improved during all the period during which the receiver was in existence. The court finds that this improvement was due to three main factors. First, the forbearance and willingness of the two large creditors to allow the company to continue as a going concern, even operated by the receiver. Secondly: To the skill and ability of the temporary receiver, whose management of the company in a very large measure contributed to the good results. Third: The general improvement which this particular industry experienced during this period. All of these factors contributed definitely to the fortunate outcome of the receivership, which resulted in a net operating profit of $30,000."

Such being the facts, the trial judge denied the petition for compensation. Plaintiff has appealed.

It appearing that the activities of plaintiff and his clients have resulted in no benefit or advantage

to the receiver or to the corporation, no saving of waste, no recovery of funds, it follows, under the rule of *Sant* v. *Perronville Shingle Co.,* 179 Mich. 42, that the decision of the trial judge must be sustained.

Affirmed.

McDonald, C. J., and Potter, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.