JAMES A. MASTERTON, EXECUTOR, ET AL. *v.* THE
LENOX REALTY COMPANY (1873).

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, JS.

Argued May 10—decided July 16, 1940.

*Thomas R. Robinson,* with whom were *James E.
Connor* and *Vincent P. Dooley,* for the appellants
(plaintiffs and receivers).

*Frederick H. Wiggin,* with whom was *Frank E. Cal-
lahan* and, on the brief, *Harrison F. Turnbull,* for the
appellees (claimants).

JENNINGS, J. The question on this appeal is
whether the receiver of the defendant is liable for a
bill for legal services rendered in advising the defend-
ant in voluntary dissolution and in resisting an at-
tempt to place it in receivership. An appeal from
the appointment of the receiver, in the case to which
this claim is incident, has been decided at this term.

On December 23, 1938, the directors of the defendant had voted to terminate its corporate existence under § 3470 of the General Statutes and this action had been confirmed by the stockholders. On the same day the Superior Court in New Haven County took jurisdiction under § 3472 of the General Statutes and various orders were entered in those proceedings. On the first Tuesday of April, 1939, the above captioned suit was returned to the Superior Court in New Haven County. The Lenox Realty Company was the sole defendant and the prayer for relief was that a receiver of the defendant be appointed. This suit is hereafter referred to as the principal suit. The principal suit was tried at length before Judge Daly in the spring of 1939 and on June 2, 1939, judgment was entered appointing a receiver. The firm of Wiggin and Dana, engaged in the practice of law in New Haven, rendered services to the defendant during the proceedings for dissolution and, on its behalf, opposed the appointment of a receiver. It rendered a bill to the receiver on October 31, 1939, within the time limited, for $7500 for services and $58.20 for disbursements. The services were reasonably worth this amount and the disbursements were made. The claim was disallowed by the receiver. On November 1, 1939, Wiggin and Dana made a motion to the court that the claim be allowed and ordered paid. The motion was thereafter heard by the court, *Foster, J.*, and was granted on December 6, 1939. At this hearing the amount of the bill was not questioned and the receiver offered no evidence. He claimed that he was not legally liable. An appeal was also taken from the judgment in the principal suit and the finding by the court, *Daly, J.*, was filed December 20, 1939.

Certain of the facts found upon the present appeal were matters of record. The court further found

that the defense to the suit for the appointment of a receiver was made in good faith by the defendant and by Wiggin and Dana as its attorneys. The receiver attacks this finding. He concedes the correctness of the rule that where corporate existence is attacked, the corporation has a right to defend itself and to charge the receiver with the reasonable expense of that defense provided the defense was made in good faith. Such allowances are in the sound discretion of the court. Barnes v. Newcomb, 89 N. Y. 108, 116; Watson v. Johnson, 174 Wash. 12, 16, 24 Pac. (2d) 592, 89 A. L. R. 1527 and note 1531; 1 Clark, Receivers, 899. He seeks to supplant the finding of good faith by adding to the finding sixty-three paragraphs of the finding in the principal suit. This finding is attacked by assignments of error in the other appeal.

Judge Foster, in deciding the motion prior to the filing of the finding in the principal suit, was necessarily confined in his determination of it to a consideration of the evidence offered before him. Therefore resort cannot be had by the receiver to either the evidence or the facts found in the principal suit to support his claimed correction of the finding upon this appeal. See German v. German, 125 Conn. 84, 89, 3 Atl. (2d) 849. It follows that the finding of good faith stands and that the principal contention of the defendant falls.

The other claims of the defendant are subsidiary. During the preparation of the defense of the receivership action the claimants filed a motion under General Statutes, § 3469, for an appraisal of the minority stock interest on behalf of The Lomas and Nettleton Company, holders of a majority of the stock of the defendant. A few items of their claim in this suit relate to this motion. The matter might be disposed

of by the application of the maxim de minimis non curat lex but the court may well have considered that the real purpose of the motion was to defeat the receivership proceedings, and was a part of the defense thereto. As to the further claim that the claimants were acting both for the corporation and the trustees in dissolution, it is obvious that the interests of both were identical in the principal suit and that the trustees were the representatives of the corporation in this regard.

With the element of good faith present, the finding supports the conclusion, and we cannot hold that the trial court abused its discretion in allowing the claim of Wiggin and Dana.

There is no error.

In this opinion the other judges concurred.