BOGRETTE v YOUNG

Docket No. 68241. Submitted October 12, 1983, at Lansing.—Decided
    January 24, 1984.

Robert Bogrette and others brought an action in the Oakland
    Circuit Court against Robert C. and Patricia R. Young, Fellow-
    ship of Christ Church and others alleging breach of contract
    and seeking damages, injunctive and declaratory relief, and
    other equitable relief. The court found that the Fellowship of
    Christ Church, nominally an ecclesiastical corporation, was not
    a church, but a financial arrangement used by the individual
    defendants as a subterfuge to defraud plaintiffs. The court
    ordered dissolution of the ecclesiastical corporation and the
    appointment of a receiver to take possession of the corporate
    assets. The defendants were represented by Bodman, Longley &
    Dahling. Defendants appealed, and the Court of Appeals af-
    firmed in an unpublished per curiam opinion (Docket No. 78-
    5213, decided January 28, 1980). Defendants sought leave to
    appeal in the Supreme Court. Leave was denied, 410 Mich 861
    (1980). Defendants filed a petition for a writ of certiorari in the
    Supreme Court of the United States. The petition was denied,
    454 US 821 (1981). Bodman, Longley & Dahling withdrew as
    counsel for defendants and filed a motion in the circuit court
    seeking an order recognizing its claim for attorney fees and
    expenses generated in the appellate process. It also requested
    that the receiver be ordered to generate a receivership estate
    from which claims could be paid. The court, James S. Thor-
    burn, J., denied the motion, holding that the law firm was not
    entitled to make a claim against the receivership. Bodman,
    Longley & Dahling appealed. *Held:*

    1. Attorney fees and expenses which have been incurred in a
    good faith effort to oppose on appeal an order of dissolution of a
    corporation and appointment of a receiver may become a valid
    claim against the receiver even where the corporation has been

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 4 Am Jur 2d, Appeal and Error §§ 150, 204.
    18 Am Jur 2d, Corporations § 33.
    66 Am Jur 2d, Receivers §§ 285, 287.

found to be merely a financial arrangement used as a subterfuge to defraud those seeking dissolution.

2. The court properly denied the request to order the receiver to generate a receivership estate.

Reversed in part and remanded.

W. R. Peterson, J., dissented. He would hold that attorney fees and costs incurred by the officers of a corporation in appealing an order of dissolution of the corporation and the appointment of a receiver are not valid claims against the receiver where the corporation has been found to be merely a financial arrangement used as a subterfuge by the officers to defraud those seeking the dissolution.

· Opinion of the Court

1. Corporations — Receivership — Attorney Fees — Appeal.

Attorney fees and expenses which have been incurred in a good faith effort in appealing an order of dissolution of a corporation and appointment of a receiver may become a valid claim against the receiver even where the corporation has been found to be merely a financial arrangement used as a subterfuge to defraud those seeking dissolution.

Dissent by W. R. Peterson, J.

2. Corporations — Receivership — Attorney Fees — Appeal.

*Attorney fees and costs incurred by the officers of a corporation in appealing an order of dissolution of the corporation and the appointment of a receiver are not valid claims against the receiver where the corporation has been found to be merely a financial arrangement used as a subterfuge by the officers to defraud those seeking the dissolution.*

*Bodman, Longley & Dahling* (by *Andrew J. Broder*), for appellant Bodman, Longley & Dahling.

*Timothy P. Young,* for Fellowship of Christ Church.

*Hardig, Goetz, Heath, Merritt & Reebel* (by *Kenneth S. Wilson*), for appellee receiver of Fellowship of Christ Church.

Before: DANHOF, C.J., and BRONSON and W. R. PETERSON,* JJ.

PER CURIAM. Appellant law firm appeals by right the trial court's order denying appellant the right to assert a claim against appellee receiver, for legal services rendered. We reverse and remand.

The legal services in question were rendered during the course of litigation which led to the dissolution of the ecclesiastical corporation formed by the individual defendants. Appellant represented these defendants in their capacity as officers of the corporation. Nonetheless, the trial court found that appellant's services accrued solely to the benefit of the individual defendants, and not to the dissolved corporation itself. The court reasoned that the dissolved corporation was never a bona fide church, but instead merely a financial arrangement used by defendants as a subterfuge to defraud plaintiffs in certain transactions. Thus, the court concluded, appellant's legal work accrued solely to the benefit of the individual defendants, and its cost should not be chargeable to the receiver as if there had been a bona fide corporation or any noticeable benefit to such a corporation.

We believe that the trial court's ruling is inconsistent with the facts set forth in the record. Defendants were undeniably officers of the corporation, and they retained appellant not to represent their individual interests, but primarily to defend the original action against the corporation itself, and to oppose dissolution and receivership. The court's own order dissolving the corporation implicitly acknowledges that the individual defen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dants were sued primarily in their corporate capacity: the court referred to them as "defendant officers of the corporation". We conclude that appellant was in fact representing the corporation, and that the trial court erred in characterizing appellant's work as having been solely on behalf of individual defendants.

The question remains whether appellant, acting as a creditor of the corporation, may properly file a claim against the receiver. In order to resolve this question, the Court must examine the language of the trial court's original order appointing a receiver.

"The receiver * * * shall take possession * * * of all the properties * * *. The proceeds of all such properties shall be used to pay all lawful claims against said corporation. All persons * * * who have conveyed, donated or contributed substantially to the funds or property of said corporation * * * shall be entitled to prove their claims thereunder."

The language of the foregoing order appointing a receiver and authorizing claims is broad and unqualified. Consistent with traditional notions of receivership, we interpret this order to permit all creditors of the dissolved corporation to prove their claims against the receivership. In this regard, we note the well-established rule that a receiver has the duty of administering the assets of the receivership for the benefit of all of that estate's creditors. 19 Mich Law & Practice, Receivers, § 53, p 390.

More specifically, we note that, where an application has been made to appoint a receiver, attorney fees and expenses which have been incurred in a good faith effort to oppose dissolution and the appointment of a receiver may become a valid

claim against the receiver. 66 Am Jur 2d, Receivers, § 285, p 103; Anno, 89 ALR 1531. The Supreme Court has upheld a claim for attorney fees where the attorney represented himself and others in an effort to oppose dissolution of a corporation under a leasehold trust mortgage. *In re Dissolution of Detroit Metropolitan Corp,* 289 Mich 358, 379-380; 286 NW 646 (1939). Accord, *Magnusson v American Allied Ins Co,* 282 Minn 287; 164 NW2d 867 (1969); *McConnell v All-Coverage Ins Exchange Automobile & Fire,* 229 Cal App 2d 735; 40 Cal Rptr 587 (1964).

We are mindful of the equities favoring plaintiff-appellees. The corporation was dissolved because it was no longer fulfilling its legitimate purpose and was being used as a means to defraud plaintiffs of property which had rightfully belonged to them. From plaintiffs' standpoint, it seems somewhat unfair that the corporation's legal fees would be paid from the pool of property which the court sought to preserve for plaintiffs. Each plaintiff's share of entitlement to receivership proceeds could be measurably reduced by any order allowing appellant's claim for fees.

On the other hand, the equities favoring appellant are even more compelling. The denial of its claim for fees does not merely decrease its share of entitlement by some undetermined percentage, but instead completely eliminates any prospect for compensation for its work on behalf of the corporation. The hardship wrought upon appellant is therefore total rather than merely partial or incremental. More compelling still is the fact that appellant's legal work was performed at all times in good faith; there has been no allegation, let alone any showing, that appellant acted in anything other than good faith. The quality of its

representation has not been challenged. In short, appellant has provided a service for which it would receive no compensation whatsoever under the trial court's ruling. In the words of the trial court's order appointing the receiver, appellant has "contributed" a substantial service, and should therefore be entitled to prove its claim. The order denying appellant permission to file a claim must be reversed.[1]

Appellant goes on to claim error in the trial court's refusal to instruct the receiver to sell certain parcels of real estate held in the corporation's name. According to appellant, these parcels could have been liquidated in order to generate funds to pay creditors such as appellant. This latter argument is without merit. The trial court found that there was a general plan for development of a particular area of land formerly owned by the corporation. This area was to be developed into a residential subdivision. The trial court's previous judgment declared that the parcels in question were to be preserved exclusively for recreational use by residents of the subdivision. The previous judgment further ordered that the receiver assume control of and eventually sell certain additional subdivision parcels still held in the corporation's name, with the proceeds to be used in completing the development of the recreational-use parcels in

[1] In an evidentiary hearing, the trial court found that the sum $44,001.82 represented an accurate and reasonable statement of attorney fees and expenses incurred by appellant during the proceedings in question. This is the amount which should be recognized as a valid claim in favor of appellant. The actual disbursement of funds is a matter left to the discretion of the trial court and the appointed receiver. We do not address the question of appellant's relative priority among creditors, nor do we find any occasion to require the receiver to liquidate any particular corporate asset in order to satisfy appellant's claim. Our sole finding is that appellant's claim for attorney fees is as valid as that of any other creditor of the former corporation.

question. Finally, the court's previous judgment ordered that corporation creditors be paid from the proceeds of the sale of other, unrelated property held in the corporation's name. The clear language of the court's previous judgment leaves no doubt that the corporation's creditors may be paid from the proceeds of certain corporate property, but that neither the unsold residential lots nor the parcels reserved for residents' recreational use may be liquidated to pay creditors. These lots, having been earmarked for the enjoyment of subdivision residents, were properly eliminated by the trial court as a potential source of funds to pay appellant.

Summarizing the foregoing, we conclude that the trial court erred in denying appellant permission to file its claim for attorney fees incurred in representing the now-dissolved corporation. The order denying this claim must be reversed. On the other hand, the trial court acted properly in refusing to require liquidation of the subdivision parcels in question. Other corporate property must be used as the source of funds from which to pay creditors such as appellant.

Reversed and remanded for proceedings consistent with this opinion.

W. R. PETERSON, J. *(dissenting).* "Millions for defense, but not one cent for tribute" is easily said when the defense can be financed with funds legally owing for tribute (or restitution). I would affirm the trial judge, his ruling on the claim for attorney fees being mandated by his findings in the case in chief which resulted in dissolution of the defendant corporation. Those findings are substantiated by the evidence and have withstood the efforts of counsel to overturn the judgment on appeal.

Now appellant attorneys contend that their unsuccessful efforts to overturn the judgment should be financed from the corporate assets intended for the benefit of the prevailing plaintiffs and legitimate creditors. Appellants represented both the corporation and defendants Young who, as officers of the corporation, were using the corporation as an instrument of fraud. Their fees and expenses for the trial were paid. The bill in question, $44,001.82, is solely for appellate proceedings. They told the trial judge:

"We have always taken the position that our fees were payable by the church * * * we are not looking to Dr. and Mrs. Young individually."

Of course! That is the ultimate service to the losing client—make the winning victim pay. I have not heard such an outrageous claim since an enterprising barrister moved that the impounded proceeds of a robbery be applied to his fees for defending the convicted robber.

It is a *non sequitur* to say that the Youngs were acting as corporate officers and, given the findings of the trial judge, it is clear that there can be no significance attached to his description of the Youngs as "defendant officers of the corporation" apart from his finding that they were using the corporation to perpetrate a fraud. If the corporation had no *raison d'etre* except as a tool of the Youngs' fraud, it is a distinction without a difference to say that appellant counsel were representing the corporation and not the Youngs.

I do not quarrel with the proposition that attorney fees and expenses incurred in a *good faith effort* to oppose dissolution of a corporation and appointment of a receiver *may* become a valid claim against the receiver. The *good faith* requirement, however, is that of the corporate officers and not of counsel.

In *Watson v Johnson,* 174 Wash 12; 24 P2d 592; 89 ALR 1527 (1933), the court noted that the underlying principle for allowance of such fees from the assets of the receivership is that such fees are incurred in a good faith effort on reasonable grounds to preserve the trust which the officers represent. *Magnusson v American Allied Ins Co,* 282 Minn 287; 164 NW2d 867 (1969), and *McConnell v All-Coverage Ins Exchange Automobile & Fire,* 229 Cal App 2d 735; 40 Cal Rptr 587 (1964), cited by my brethren, are such cases. But where the efforts of the officers are not devoted to that trust, their fees are not allowable. *Commonwealth Finance Corp v Missouri Motor Bus Co,* 251 SW 756 (Mo App, 1923); *Esarey v Pierson,* 84 Ind App 109; 141 NE 87 (1923); *People v Commercial Alliance Life Ins Co,* 148 NY 563; 42 NE 1044 (1896), and *Witherspoon v Hornbein,* 70 Colo 1, 4; 196 P 865 (1921), where the court said:

"Certainly wrongdoers in a suit in equity cannot ask in good conscience to be saved harmless from attorney's fees incurred in defense of their wrongful, unlawful conduct. It seems clear that the directors of the corporation who are responsible for the conditions which made the stockholders suit necessary, should bear the expenses of the attorneys employed by them to defend their own misdeeds in office, instead of the corporation."

My brethren cite *In re Dissolution of Detroit Metropolitan Corp,* 289 Mich 358; 286 NW 646 (1939), but the attorney fee discussed therein was not opposed and there was no wrongdoing by corporate officers. A more appropriate case is *In re Hutto Engineering Co, Inc,* 261 Mich 433; 246 NW 172 (1933), where an attorney representing stockholders in an unsuccessful opposition to a petition to dissolve a corporation was denied the right to recover his fees from the receiver, the court saying that his services had "resulted in no benefit or

advantage to the receiver or to the corporation, no
saving of waste, no recovery of funds * * *."[1]

The retention of counsel by the Youngs to de-
fend the action was not in preservation of the
trust which they represented as corporate officers
but to preserve the fruits of their wrongdoing. The
services of counsel resulted in no benefit or advan-
tage to the receiver or to the corporation's proper
ends. Appellant counsel have no just claim against
the assets in the hands of the receiver and should
be required to look only to the Youngs personally
for their fees.

---

[1] The Court cited *Sant v Perronville Shingle Co,* 179 Mich 42; 146
NW 212 (1914), a case which is the converse of the instant case,
allowing the prevailing minority stockholders' attorney the right to
recover his fees from the receiver appointed on dissolution of the
corporation because of the wrongdoing of the corporation's officers.